DON CRANE AND WIFE *v.* THE TOWN OF NORTHFIELD.

*Evidence.*

As a general rule, the opinions of witnesses, who have not some peculiar skill or professional knowledge in relation to the matter in issue, are not admissible in evidence, although such opinions are derived from the witnesses' personal observation, and are sought to be given in evidence in connection with the facts on which they are based.

Some exceptions to this rule noted, as where the question is as to the sanity of a person, or the value of property, or as to heights and distances, or the size and appearance of objects. POLAND, J.

The plaintiff sued the town of N; for an injury received through want of repairs on a small bridge in that town. It appeared that the bridge in question had been kept covered with dirt to the depth of five or six inches, and that on the night before the injury this dirt was washed away from one end of the bridge by a sudden rise of the stream crossed by it. The question was as to the sufficiency of the bridge while covered with the dirt. A deposition was produced on the trial, wherein the witness stated that if the dirt had not been washed from the bridge the injury would not have happened. It appeared from the deposition that this witness was present when the injury occurred, witnessed it, and examined the bridge. *Held,* that this statement of opinion by the witness was not admissible in evidence.

CASE for injury to the plaintiff, Mrs. Crane, received through want of repairs upon a bridge in the town of Northfield. Plea, the general issue, and trial by jury at the September Term, 1859,— BARRETT, J., presiding.

It appeared that the bridge in question, which was over a small water-course, had been built some six years; that it was well planked at the time it was built, and was covered with dirt to the depth of some five or six inches, and was kept so covered. The night before the injury there had been a very heavy rain, and the water forced itself upon the bridge and washed the dirt from the planks on one side of it for nearly half their length. A little after noon, on the day of the injury, the plaintiffs were passing over this bridge or culvert in a one-horse wagon, when the horse stepped upon the end of one of the planks from which the dirt had been washed, the plank broke and let the horse's leg through, which caused the horse suddenly to start, and the wife was thrown from the wagon and injured.

The plaintiffs produced the deposition of one William H. Smith. On cross-examination Smith stated that if the dirt had not been washed from the plank the injury would not have happened. This answer was objected to, excluded by the court, and the defendant excepted.

It appeared from Smith's deposition that he was present at the time of the accident, witnessed it, and examined the culvert. Verdict for the plaintiffs.

———— *Fisk* and *Peck & Colby*, for the defendant,

*H. Carpenter*, for the plaintiffs.

POLAND, J. It does not appear that the witness Smith possessed any peculiar knowledge or skill which entitled the defendant to call for his opinion upon the ground on which the opinions of professional men, or those skilled in any particular science or art are admitted, and the admissibility of his opinion is not claimed on that ground. But as he was present when the accident happened, and examined the bridge, it is claimed that the parties were entitled to give his opinion in evidence on the broad ground that any witness may give his opinion in evidence in connection with the facts upon which it is founded and as derived from them. But as a general rule we think this cannot be supported. The general rule is the other way, that the mere opinions of witnesses, not having some peculiar skill or professional knowledge, are not admissible. There are some exceptions to this rule, one of which is when the question is as to the sanity or insanity of any person, where witnesses not professional are allowed to give their opinions in connection with, and founded upon their own personal observation. This is allowed from the general and indefinite nature of the inquiry, and the difficulty of producing direct proof of a mere mental condition. The remark of BENNETT, J., in *Morse* v. *Crawford*, 17 Vt. 499, upon which this claim is founded, was in a case of this character, and well enough in that particular case, but, when claimed as a general rule to apply to all classes of cases, is not justified by reason nor authority.

Crane and wife *v.* Northfield.

Opinions of witnesses are admitted in some other cases upon much the same ground. Where the value of any article of property is in question, witnesses who have examined it are allowed to state their opinions, because it is a matter not usually susceptible of direct proof, and because value is wholly a matter of judgment or opinion. In some states however even this is not allowed, and the jury must form their opinions wholly from the description of the property given by witnesses, which must generally furnish a very inadequate idea of the property itself.

So witnesses are always allowed to state their opinions when it is mere matter of description and cannot be stated in any more exact way, as in giving heights and distances, the size and appearance of objects, &c.

In this case the question seems to have been as to the sufficiency of the bridge or culvert, before the earth covering had been washed off by the recent rain. The substance of the witness' opinion that was asked for was whether it was then safe and sufficient.

This was the very question that the jury were to try and decide, and it does not appear to us that there could be any difficulty in having the condition of the culvert so described to the jury by the witness that they would be just as capable of exercising their judgments and forming a correct opinion as the witness himself. It was decided as long ago as the case of *Lester* v. *Pittsford*, 7 Vt. 158, that witnesses who were acquainted with a particular highway could not be allowed to state their opinions whether it was safe and sufficient.

The question on which the witness' opinion here was asked, was substantially the same.

In *Frazer* v. *Tupper*, 29 Vt. 409, the witnesses seem to have had personal knowledge of all facts necessary to enable them to form correct opinions, whether the defendant acted prudently in setting the fires which caused the injury of which the plaintiff complained, but were not allowed to give them. Both these last named cases seem decisive against the rule for which the defendant contends.

The judgment is affirmed.