THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATRICK PACKENHAM, Appellant.

Upon the trial of an indictment for murder in the first degree, wherein the defense was alcoholic insanity, after a witness, who saw the defendant just before the homicide, had testified that he appeared to be sober and answered questions responsively, was asked: "From what you saw and what you heard him say at that time, in your opinion, was he rational or irrational?" This was objected to and the objection overruled. The answer was, "Rational." *Held,* that the evidence was competent; that the question and answer simply related to the appearance and conduct of the defendant, not to his mental condition.

The objection that jurors have been discharged from the panel and excused from further service during the term, is not one that may be taken on a criminal trial by a challenge to the panel.

(Argued June 21, 1889; decided June 25, 1889.)

APPEAL from judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting the defendant of the crime of murder in the first degree.

*Abraham Suydam* for appellant. The challenge of the jurors, who were present when defendant offered to plead guilty to manslaughter in the first degree was refused by the district attorney, was improperly overruled. (*People* v. *Greenfield,* 74 N. Y. 277; *People* v. *McQuade,* 110 id. 284.) Under the Code of Criminal Procedure the People must first challenge and exhaust all their challenges as to any particular juror before the defendant exercises his right of challenge. (*People* v. *McQuade,* 110 N.Y. 284; Code Cr. Pro. §§ 385, 386.)

*McKenzie Semple* for respondent. The court did not err in overruling the defendant's challenge to the panel. Such a

challenge can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure in respect to the drawing and return of the jury, or on an intentional omission of the sheriff to summon one or more of the jurors drawn. (Code Cr. Pro. § 361.) The court did not err in admitting in evidence the opinions of the lay witnesses upon the question as to whether the defendant's conduct upon the occasion in question was rational or irrational. (*People* v. *Conroy*, 7 N. Y. 62; *Halcomb* v. *Halcomb*, 95 id. 316; *Hemlet* v. *Wood*, 55 id. 634; *O'Brien* v. *Platt*, 36 id. 282; *Clapp* v. *Fullerton*, 34 id. 190; *People* v. *Greenfield*, 23 Hun, 46.) Even if the evidence had failed, as claimed by the defendant, to disclose any adequate motive on the part of the defendant to commit the crime, that could not constitute a material defect in the proof, for discovery of adequate motive is not essential to proof of crime. (*Lake* v. *People*, 1 Park. Cr. R. 539; *People* v. *Conroy*, 97 N. Y. 62; *McLain* v. *Comm.*, 99 Pa. 88, 97.) No inference of insanity can be drawn from the fact that the killing was done under circumstances making detection and arrest certain, although coupled with absence of motive. (*Goodwin* v. *State*, 4 Cr. Law Mag. 579; *People* v. *Lake*, 1 Park. Cr. R. 539.) The defendant was not, at the time of the killing, so far intoxicated as to be incapable of acting with design, premeditation and deliberation. (*People* v. *Rogers*, 18 N. Y. 9; *Kenny* v. *People*, 31 id. 330; *Flannagan* v. *People*, 86 id. 554; *People* v. *O'Connell*, 87 id. 375; *People* v. *Mills*, 98 id. 176.)

FINCH, J. The prisoner was convicted of murder in the first degree, and from that judgment has brought this appeal. There is no just ground for the reversal which he seeks. That the offense was committed, that the accused cut his wife's throat with a razor, almost without provocation and under circumstances of great brutality, is entirely certain. The defense of alcoholic insanity was not at all established, and we see no reason to disagree with the verdict of the jury upon the facts. The alleged errors of law require but a brief consideration.

SICKELS — VOL. LXX.   26

A question put to officer Cairns was admitted under exception. The condition of the accused at about the time of the homicide was under investigation. The witness who saw him just before had testified that he appeared to be sober, but "looked as though he had been getting over the effects of a drunk," yet answered questions responsively. The question was then put, "Now, from what you saw and what you heard him say at that time, in your opinion, was he rational or irrational?" The objection taken was that the evidence was incompetent. The witness answered, "Rational." The question and answer clearly related to the appearance and conduct of the prisoner on the one occasion which formed the subject of the inquiry, and what was sought was a description of that appearance and conduct as rational or the reverse. The evidence was competent. (*People* v. *Conroy*, 97 N. Y. 62.) The effort now is to transform the inquiry into one as to the prisoner's actual mental condition, which could only be given by an expert. Such was not the question, and its meaning is so entirely obvious that it could not have been misunderstood by the court and jury.

Nor did the court err in overruling the defendant's challenge to the panel. The ground of the challenge was that the court had discharged twelve jurors from the panel and excused them from further service during the term. The objection is not one which can be taken by a challenge to the panel. (Code of Crim. Pro. § 361, *People* v. *Jackson*, 111 N. Y. 369.) The prisoner's counsel concedes this, but insists, nevertheless, upon the objection. It is enough, for the present, to say that it was taken in no manner sufficient to present it, and there is in our minds no such doubt about the case as would excuse or induce a disregard of the requisite legal formalities.

We have examined also the objections taken upon the challenges to different jurymen but find no error in the rulings of the court.

The judgment should be affirmed.

All concur.

Judgment affirmed.