## DANIEL EDWARDS *vs.* CITY OF WORCESTER.

Worcester.    October 4, 1898.— October 20, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Due Care — Evidence as to Intoxication of Plaintiff —*
*Expert — Question to Jury as to Ground of Verdict.*

At the trial of an action for personal injuries alleged to have been received from a defect in a highway, testimony relating to the plaintiff's habits as to temperance and to his reputation for sobriety, offered by him as bearing upon the probability of his intoxication, is rightly excluded; and testimony of witnesses as to whether the plaintiff was intoxicated is rightly admitted.

At the trial of an action for personal injuries alleged to have been received from a defect in a highway, the testimony of an alleged expert, offered to show whether the road was safe and convenient for travel, relates to a matter on which the common experience and observation of the jury qualifies them to pass, when the actual condition of the way has been described to them, and on which they need no assistance from an expert, and it is properly excluded.

At the trial of an action for personal injuries alleged to have been received from a defect in a highway, in answer to a question by the judge as to the ground on which the jury found their verdict, the foreman replied that it was on the ground that the plaintiff was not in the exercise of due care. The circumstances under which the question was put were not fully disclosed, and it was stated in the plaintiff's brief that the jury had been out twenty-five hours, but that did not appear in the exceptions. *Held,* that, even if it did appear, it would not render the question improper, nor would the foreman necessarily be unable to state the ground of the verdict.

TORT, for personal injuries alleged to have been received by the plaintiff from a defect in a highway in the defendant city. At the trial in the Superior Court, before *Gaskill,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*C. W. Wood*, for the plaintiff.

*A. P. Rugg*, for the defendant, was not called upon.

MORTON, J.   The plaintiff does not rely upon the exception to the exclusion of the testimony relating to his habits as to temperance and to his reputation for sobriety, which was offered by him as bearing upon the probability of his intoxication.   The ruling was right.   *Carr* v. *West End Street Railway*, 163 Mass. 360.   *McCarty* v. *Leary*, 118 Mass. 509.   *Heland* v. *Lowell*, 3 Allen, 407.

The testimony of the alleged expert, which was offered to show whether the road was safe and convenient for travel, was properly excluded.   It related to a matter on which the common experience and observation of the jury qualified them to pass when the actual condition of the way had been described to them, and on which they needed no assistance from an expert. *Ryerson* v. *Abington*, 102 Mass. 526, 531.   *Bliss* v. *Wilbraham*, 8 Allen, 564.   *Hutchinson* v. *Methuen*, 1 Allen, 33.   *Crane* v. *Northfield*, 33 Vt. 124.   *Graham* v. *Pennsylvania Co.* 139 Penn. St. 149, 162.

In *Lund* v. *Tyngsborough*, 9 Cush. 36, the answers of the witnesses were admitted as describing the actual condition of the road within their personal knowledge, and not as expressions of opinion merely.

There is nothing to show that the court erred in putting to the foreman of the jury the question which it did.*   The circumstances under which the question was put are not fully disclosed.   It is said in the plaintiff's brief that the jury had been out twenty-five hours, but that does not appear in the exceptions, and if it did we do not think that it would render the question improper.   *Spoor* v. *Spooner*, 12 Met. 281.   *Dorr* v. *Fenno*, 12 Pick. 521, 525.

The witnesses were rightly allowed to testify whether the plaintiff was intoxicated.   It was not a matter of opinion, any

---

* The bill of exceptions recites that, "in answer to a question by the court as to the ground on which the jury found their verdict, the foreman replied on the ground that the plaintiff was not in the exercise of due care, because of the rate of speed at which he was going.   No poll of the jury was taken on this question, and no written question was previously submitted to them."

more than questions of distance, size, color, weight, identity, age, and many other similar matters are. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. *Stacy* v. *Portland Publishing Co.* 68 Maine, 279. *People* v. *Eastwood*, 14 N. Y. 562.

*Exceptions overruled.*