McNulty *v.* State.

'(*Jackson.*    April Term, 1903.)'

1. **CRIMINAL LAW.** Pleading and practice. Time of filing plea of autrefois convict.

   A plea of former conviction should be tendered along with plea of not guilty and before the trial is begun. (*Post, pp.* 484-485.)

2. **SAME.** Refusal of permission to file a plea of autrefois convict, not erroneous, when.

   Where, on a prosecution for murder, a plea to the effect that defendant had been convicted of the assault, which caused the death, was not tendered until after the State had closed its case, and the defendant had been examined as a witness in his own behalf, it was proper to refuse to allow the plea to be filed. (*Post, pp.* 484-485.)

3. **SAME.** Conviction for assault and battery not a bar to subsequent prosecution for murder.

   It is well-settled law that a conviction of a misdemeanor included in a felony is no bar to a subsequent prosecution for murder, predicated on the fact that the person assaulted had died from his injuries, for the felony is not consummated until after the conviction of the misdemeanor, as was the murder in this case, by the death of the assaulted party after judgment before the justice of the peace. (*Post, pp.* 484-485.)

Case cited and approved: Mikels v. State, 3 Heisk., 321.

McNulty v. State.

4. **SMALL OFFENSE LAW.** Conviction under, for assault and battery does not bar conviction for murder, the result of such assault.

The act of 1870-71, chapter 27, providing that in criminal cases in which a defendant shall have been brought before a justice of the peace under the provisions of the small offense law, shall have submitted and been fined, as provided by law, and shall thereafter be indicted for the same identical offense as a felony, he may plead the former conviction in bar, does not render a conviction for an assault a bar to a prosecution for murder, which was the result of the assault to which defendant had submitted before the justice of the peace. (*Post, pp.* 485-486.)

Statutes cited and construed: Acts of 1870-71, ch. 27.

Code cited and construed:   Sec. 7180 (S).

5. **SAME.** Not intended to provide convenient mode of escape for felons.

The legislature did not intend to provide a convenient mode for felons to escape merited punishment by permitting them to submit under the small offense of law to the misdemeanor involved in the felony.   (*Post, p.* 486.)

---

FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby County.—JOHN T. MOSS, Judge.

J. J. DUBOSE, for McNulty.

ATTORNEY-GENERAL CATES, for State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Charles McNulty, plaintiff in error, upon his plea of guilty to a warrant issued by a justice of the peace of Shelby county, January 15, 1903, charging him with assault and battery upon one Cottrell Childress upon a previous day of that month, was fined $50, and committed to the workhouse. Childress died about 30 days thereafter from the injuries sustained from the assault and battery committed upon him, and the plaintiff in error was indicted for his murder in the criminal court of Shelby county, and upon trial was found guilty of voluntary manslaughter, and his punishment fixed at two years in the State penitentiary.

After the State had closed its case, and the plaintiff in error had been examined as a witness in his own behalf, his counsel tendered to the court a plea stating the proceedings before the justice of the peace, and relying upon them, and the judgment there given against the plaintiff in error, as a former conviction, in bar of the indictment under which he was then being tried, without any affidavit explaining why it was not tendered at the proper time. The trial judge refused to allow the plea to be filed, and directed the trial to proceed upon the plea of not guilty. This action is now assigned as error.

There was no error in the refusal of the trial judge to allow the plea tendered to be filed. It should have been tendered, along with the plea of not

guilty, before the trial was begun; and not having been tendered until the State had closed the evidence in its behalf, and the plaintiff in error was introducing his, and the delay not being satisfactorily explained, it was within the discretion of the court to refuse permission for it to be then filed. But the action of the trial judge was correct upon the merits. The plea did not set forth a meritorious and valid defense to the indictment. The facts stated in it did not show that the plaintiff in error had once been in jeopardy for the offense for which he was then being tried—the murder of Cottrell Childress. The proceeding had against him was for a misdemeanor —assault and battery.

The indictment in this case is for a felony—murder committed upon Cottrell Childress—a greater offense, containing other and materially different elements from the former one, and requiring different proof to convict, and which had not been committed and was not in existence when the first trial was had, Childress being then alive. The two offenses are entirely distinct, and the identity necessary to sustain a plea of the former conviction is wholly wanting.

It is well-settled law that a conviction of a misdemeanor included in a felony is no bar to a prosecution for the felony, and certainly this rule must prevail when the felony is not consummated until after the conviction of the misdemeanor, as was the murder in this case by the death of the assaulted party after the judgment before the justice of the peace. *Mikels* v. *State,* 3 Heisk., 321; *Clark's Crim. Prac.,* pp. 402, 403. It is, however, insisted by counsel for plaintiff in error

that this rule has been abrogated in this State by statute; and chapter 27, p. 31, of the acts of 1870-71 (Shannon's Code, sec. 7180), is relied upon to sustain this contention. It is as follows: "In all criminal cases in which a defendant shall have been brought before a justice of the peace under the provisions of the small offense law, and shall have submitted and been fined in manner and form as provided by law, and shall thereafter be indicted or presented for the same identical offense as a felony, said defendant may plead said former conviction as a bar to any conviction of a misdemeanor under said indictment or presentment for felony, provided the jury shall find the plea of the former conviction valid under the present laws of this State."

This statute will not bear the construction insisted upon, but it is plainly to the contrary. It is unmistakably provided that a conviction under the small offense law for a misdemeanor included in a felony may be pleaded in bar of another conviction of the same misdemeanor under an indictment against the defendant for the felony involved, and upon which he is being tried for such felony. It does not provide that a conviction for the misdemeanor shall be a bar to a prosecution for the greater offense, the felony, and was never intended to have that effect. It will not be presumed that the general assembly intended to provide such a convenient mode for felons to escape their merited punishment.

The failure to file a plea at the proper time being unexplained, and no merits being shown, the assignment of the error is overruled, and the judgment affirmed.