### STATE OF IOWA v. THOMAS CATHER.

Assault With Intent to Kill: INTOXICATION: OPINION OF WITNESS. 1 In a criminal prosecution it is competent for a witness to state whether or not defendant was intoxicated at the time of the commission of the offense and the extent of his intoxication without narrating the facts upon which his opinion is based, and the error in excluding such testimony is not cured by permitting the witness to describe defendant's appearance and demeanor at the time.

Self Defense. On an issue of self defense it is error to refuse defendant the right to show that his antagonist was armed with a club.

Good Character: RIGHT TO SHOW SAME. It is error to refuse defendant the right to show his good character with respect to the trait involved in the charge.

Instructions: DRUNKENNESS: INCLUDED OFFENSES. In a prosecution for assault with intent to commit murder an instruction that, while drunkenness was no excuse it might be considered for the purpose of determining whether defendant was capable of forming a deliberate design to kill, and although he made the assault in the manner charged, yet if he were so intoxicated as to be incapable of forming a willful and deliberate design to kill, it was not an assault with intent to commit murder; held, that the instruction was erroneous in omitting reference to the included offenses involving a specific intent.

*Appeal from Marshall District Court.*—Hon. George W Burkham, Judge.

Tuesday, October 6, 1903.

Defendant was indicted for an assault with intent to commit murder, and was convicted of the crime of an assault with intent to commit manslaughter. From the judgment and sentence imposed, he appeals—*Reversed.*

*J. L. Carney* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

Deemer, J.—It is claimed that when the assault was committed, defendant was so drunk as to be incapable of forming an intent. His counsel offered witnesses to prove his condition in this respect, and we extract from the record the following, which presents the first question relied upon for a reversal: "Q. Was Cather noticeably intoxicated? (Objected to as incompetent, irrelevant, and immaterial, and asking for the opinion or conclusion of the witness.) Court. I suppose he can state his appearance and what he did, and the jury must determine whether he was intoxicated, or something else. Defendant excepts. A. I should judge he was pretty drunk. (State moves to strike out the answer.) Court. Strike it out. Defendant excepts. Q. State what his condition was as you judged from his appearance? (Objected to for the same reasons.) Court. Sustained. The jury must determine that. Defendant excepts. A. I heard he and two other fellows quarreling as to what had become of the last bottle of whisky they had. Q. State whether or not he talked as a drunken or intoxicated person? (Objected to as asking for a conclusion of the witness, and calling for no fact.) Defendant's counsel. I think it is perfectly

proper for the witness to state his condition.   Court.   No: it is for him to tell his appearance, and the jury must determine his condition.   Defendant excepts.   Q.   From his talk, can you give us the way in which he talked?   Did it indicate whether or not he was intoxicated?   A.   I think he was.   (Objected to as incompetent, immaterial, irrelevant, and asking for an opinion.   Sustained.   Defendant excepts.)   Q.   How did he talk—as a sober or a drunken man?   (Objected to for the same reasons.   Sustained.   Defendant excepts.)   Q.   State whether or not his language indicated he was under the influence of liquor?   (Objected to for the same reasons.   Sustained.   Defendant excepts.)   Court.   You each time ask for his conclusions.   He can state what he did and said.   Defendant excepts.   Q.   What would you judge from his appearance and talk as to his being under the influence of liquor?   (Objected to as incompetent, etc. Sustained.   Defendant excepts.)   Q.   Was he very intoxicated, or not?   (Objected to, and objection sustained.) State how intoxicated he was?   (Objected to and sustained.)"   Many more questions of like import were propounded, and objections thereto were sustained.   These rulings were manifestly erroneous.   It is well settled that a witness may state whether or not another was intoxicated at a particular time, without narrating the facts on which he bases his opinion; and it is also permissible for a nonexpert witness to state how far another was affected by intoxication. *State v. Huxford*, 47 Iowa, 16; *Yahn v. City of Ottumwa*, 60 Iowa, 433; *State v. Wright*, 112 Iowa, 443; *Bailey v. City of Centerville*, 108 Iowa, 23.   While tacitly admitting error in these rulings, the Attorney General contends that the witnesses were permitted to give in evidence the defendant's appearance and demeanor, at all times material to the inquiry, and hence no prejudice resulted.   This argument entirely overlooks the reason given for the

1. INTOXICA-TION: opinion of witness.

admission of such evidence. The acts, conduct, and demeanor of a person under the influence of intoxicants cannot be accurately reproduced, and for this reason the question of intoxication is better determined from the direct answers of those who saw him, than from any description of his conduct. Rogers on Expert evidence, sections 3, 4. The rulings were clearly erroneous, and the presumption of prejudice arising therefrom has not been overcome.

II. Defendant claimed that his antagonist was armed with a club, and that whatever he did was in defense of his person. He offered to show that shortly after the encounter a club was found at or near the scene of the conflict, but this the court would not permit him to do. We think the evidence should have been received.

*2. SELF defense:*

III. Defendant also offered witnesses to prove that he had, prior to the assault, been a man of good character, peaceable and law abiding. A witness who stated that he knew the defendant's character was asked as to what it had been prior to the assault. Objection to the question was sustained the court remarking: "I do not think there is a single issue in the case that would justify such evidence." Evidently, the learned trial judge overlooked the fact that evidence of good character of the defendant, with respect to the particular trait involved in the charge, is admissible in every criminal case. *State v. Wolf,* 112 Iowa, 464; *State v. Northup,* 48 Iowa, 583, and cases cited. This may be proven by witnesses who knew his character as distinguished from his reputation, as well as by testimony of general reputation. This rule is so familiar that no citation of authorities is needed in its support. But see *Dufresne v. Weise,* 46 Wis. 290 (1 N. W. Rep. 59). Some other errors were committed in rulings on the admission of evidence which are not likely to be repeated on a retrial, and therefore we do not set them out.

*3. GOOD character: right to show same.*

IV.    The instructions with reference to an assault with intent to commit murder are criticised.    As the verdict was for a lower degree of crime, we need not consider

4. INSTRUC-
TIONS: drunk-
enness: in-
cluded of-
fenses.

these complaints.    The twenty-fourth instruction read as follows: "While it is a general rule of law that voluntary drunkenness is no excuse or justification for a crime perpetrated under its influence, still in cases of this kind drunkenness, if proved, may be considered by the jury for the purpose of determining whether the defendant at the time of the alleged offense was capable of forming a willful, deliberate design to take life.    And in this case, although the jury may believe from the evidence beyond a reasonable doubt that the defendant made an assualt with a dangerous weapon upon said James H. Ellis, in the manner and form as charged in the indictment, still, if you further believe from the evidence that just before and at the time defendant made such assault he was so deeply intoxicated by spirituous liquors as to be incapable of forming in his mind a design willfully and deliberately to do the act, then such an assault, under such a state of intoxication, would not amount to an assault with intent to commit murder."    This was erroneous, in that it omitted a reference to the other included offenses, involving a specific intent.    *State v. Bell*, 29 Iowa, 318; *State v. Pasnau*, 118 Iowa, 501.

Some other questions are argued, which we do not consider, as the matters are not likely to arise again.

For the errors pointed out, the judgment must be reversed, and the cause remanded for a retrial.—REVERSED.