## PALMER v. SCHURZ et al.

In an action under the Civil Damage Laws, the complaint alleged that defendants sold intoxicating liquors to plaintiff's husband on July 15th, and during the week prior thereto, while he was intoxicated and in the habit of becoming so, and that he continued in a state of intoxication up to the time of his death, and that he committed suicide on July 17th. **Held,** that an objection to the complaint on the ground that it did not allege that defendant, or his agents, servants, or employes, sold to decedent intoxicating liquors when he was intoxicated about the time the act complained of was committed was untenable.

Nor was the complaint open to the objection that it did not allege that decedent was under the influence of liquor at the time he committed suicide, since Rev. Pol. Code, § 2849, under which the action was instituted provides that on the trial of such an action it shall only be necessary to prove that the defendants sold or gave away the liquors to the person under the influence of liquor, whose acts or injuries are complained of "on that day or about that time when such acts were committed or such injuries received."

The liability of a retail liquor dealer under the civil damage law for breach of his liquor dealers' bond, providing that the principal covenants and agrees that he will not sell or furnish any spirituous liquors to a person who is at the time intoxicated, does not depend on his having been notified not to sell liquor to the person alleged to have purchased it while intoxicated.

In an action under the civil damage law on a liquor dealer's bond for selling liquor to a person while intoxicated, in violation of Rev. Pol. Code, § 2844, in which the court did not submit the issue as to whether the person to whom the liquor sold was "in the habit of

getting intoxicated," the change in Rev. Pol. Code, § 2844, by the amendment of Laws 1903, p. 190, c. 165, including in unlawful sales without notice "any person in the habit of getting intoxicated," was immaterial, where the section giving the form of liquor dealers' bonds was not changed to correspond with the amendment.

The provision of Laws 1897, pp. 210, 211, c. 72, §§ 11, 16, declaring it unlawful for liquor dealers to sell to persons intoxicated or in the habit of getting intoxicated, and giving a right of action to a married woman for damages from the sale of intoxicating liquors, are restrictions and regulations of the sale, and therefore within the title, "An act to provide for the licensing, restriction and regulation of the business of the * * * sale of * * * intoxicating liquors," and so not violative of Const. art. 3, § 21, providing that no law shall embrace more than one subject, which shall be expressed in its title.

In an action under the civil damage laws for breach of a retail liquor dealer's bond, an objection to the complaint on the ground that it did not allege that the bond was approved and filed was not tenable where it appears from an indorsement on the bond, signed by the county auditor and forming part of the complaint, that the bond was approved by the board of county commissioners.

In determining a question of liability under the civil damage laws to the wife of a person committing suicide as the result of selling liquors to him while intoxicated, it is immaterial whether or not the person to whom the liquor was sold was intoxicated at the time he committed suicide, if the suicide was the result of his previous intoxication from the liquor sold him by the dealer sought to be held liable.

Under Rev. Pol. Code, § 2849, authorizing a married woman to maintain in her own name a suit on a liquor dealer's bond for all damages sustained by her or by her children, on account of such traffic, and that the money thus collected shall be paid over for the use of herself and her children, a wife is entitled to recover damages for her children, although she might not be entitled to recover for herself.

In an action under the civil damage laws on a liquor dealer's bond, a statement by the court to the jury that "nobody here is entitled to anything but their legal rights, and that is all anybody is asking for," was not prejudicial to defendant the remark being general and applicable alike to both parties.

A witness may state whether a person was intoxicated, the extent of his intoxication, and whether he had been drinking, or was just recovering from a state of drunkenness.

Except under unusual circumstances a new trial will not be granted on the ground of newly discovered evidence, which goes only to discredit or impeach a witness or which is only cumulative.

The granting or refusing of a new trial on the ground of newly discovered evidence is largely in the discretion of the trial court.

Action of trial court in granting or refusing motion for new

trial will not be reviewed on appeal in the absence of manifest abuse of discretion.

Unless newly discovered evidence for which a new trial is sought would probably produce a different result upon a second trial, a new trial should be denied.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court Davison County. Hon. FRANK B. SMITH, Judge.

Action by Carrie E. Palmer against Conrad Schurz and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*T. J. Spangler* and *Joe Kirby,* for appellants. *E. E. Wagner,* for respondent.

CORSON, J. This is an action by the plaintiff as widow of Henry C. Palmer, deceased, on a bond executed by the defendant Conrad Schurz, as principal, and the Western Surety Company, as surety, to recover on behalf of herself and minor children damages for the loss of support caused by the death of her said husband. The action was tried to a jury, and verdict and judgment being in favor of the plaintiff, the defendants have appealed.

It is alleged in the complaint, in substance, that the plaintiff is the widow of said Henry C. Palmer, deceased; that she and her said husband, Henry C. Palmer, were married in 1894, and resided in this state as husband and wife until July 17, 1905, when her said husband committed suicide; that there were born to the plaintiff and her said husband six children, the oldest of which was 12 years of age; that all of said children resided and made their home with the plaintiff and her husband until the latter's death, and that at all the time after the marriage of plaintiff her husband provided her and her children with the necessaries of life and support, and was their only means of support prior to his death; that by his death they were deprived of their means of support, and that the support of each and all of said children since the death of her said husband has devolved upon her; that on the 17th day of July, 1905, and prior thereto, the said defendant Conrad Schurz was a licensed retail liquor dealer carrying on said business in Davison county in this state; that for the purpose of such business on or about the 23d day of June, 1905, he, as principal, and

the defendant Western Surety Company, as surety, executed and delivered to the state of South Dakota a licensed liquor dealer's bond as required by statute, a copy of which is annexed, and made a part thereof; that the fifth and sixth paragraphs of the complaint are as follows: "That on and prior to the 15th day of July last, the said Henry C. Palmer was addicted to the use of intoxicating liquors and in the habit of getting intoxicated, and during such time and on such date, or thereabouts, was intoxicated, and while so intoxicated, and in the habit of getting intoxicated, the defendant Conrad Schurz, directly and indirectly, by himself, his clerks, agents and servants, did sell, furnish, give and deliver to the said Henry C. Palmer, spirituous and intoxicating liquors to be used by the said Palmer as a beverage, and the same were so used by him in the place of business of the said Conrad Schurz at Ethan and elsewhere, and by reason of the use of such liquors the said Palmer became intoxicated, and continued in a state of intoxication up to the time of his death, and his mind gave way and he became impaired and despondent, and did, on the 17th of said month, while in such condition, induced and caused by the use of such intoxicating liquors, so sold and delivered to him by the said Schurz, take his own life; that by reason of the death of said Palmer the plaintiff and her said minor children have been left without means of support other than that obtained by the personal exertions of the plaintiff, and by reason of the facts hereinbefore set forth the plaintiff has been damaged in the sum of $2,000. no part of which has been paid and all of which is now due. Wherefore, the plaintiff demands judgment against the said defendants jointly and severally for the sum of two thousand dollars ($2,000.), together with the costs and disbursements of this action."

Upon the case being called for trial the defendants objected to the admission of any evidence under the complaint, for the reason that it does not state a cause of action, in that it is not alleged in the complaint that the defendant Schurz or his agents, servants, or employees sold to said Henry C. Palmer intoxicating liquors when he was intoxicated on or about the time the act complained of was committed; that it is nowhere alleged in said complaint that said Palmer was under the influence of liquor at the

time he committed suicide; that the said chapter of the Code under which this action is brought is unconstitutional, in that it does not contain any title and the act itself contains more than one subject; that the bond set forth upon which the action is based is not such a bond as is contemplated by the statute or that the same was approved by the county commissioners or filed with the county auditor, and that it does not appear from said complaint that the defendants were ever forbidden in writing to sell liquor to the said Henry C. Palmer or that the defendant was ever notified in writing that said Palmer was in the habit of getting intoxicated. These objections were overruled by the court, and its ruling in our opinion was correct.

The first objection is not tenable, for the reason that it is alleged in the complaint that the defendant Schurz sold said Palmer liquor on July 15th and during the week prior thereto, when he was intoxicated, and that "he continued in a state of intoxication up to the time of his death," and that he committed suicide on July 17th.

The second objection is untenable for the reason that section 2849, Rev. Pol. Code, under which this action was instituted, provides: "On the trial of any suit under the provisions of this article, the cause and foundation whereof shall be the acts done or injuries inflicted by a person under the influence of liquor it shall only be necessary to sustain the action, to prove that the defendant, or defendants, sold or gave away the liquors to the person so intoxicated or under the influence of liquor, whose acts or injuries are complained of, on that day or about that time when said acts were committed, or said injuries were received."

It will be noticed that it is alleged in the complaint that the sale of intoxicating liquor to said Palmer was made to him on the 15th day of July, and that he continued to be intoxicated up to the time of his death. This allegation in our opinion brings the case within the time specified in the statute as "on that day or about that time when said acts were committed or said injuries were received." Kerkow v. Bauer, 15 Neb. 150, 18 N. W. 27.

The contention of appellant that the complaint failed to allege that the defendant Schurz was notified not to sell liquor to the husband of the plaintiff when intoxicated is not tenable for the

reason that a sale to a minor or intoxicated person is illegal, and no notice to the party selling is required. And such seems to be the condition of the bond as it is recited therein "that said principal has covenanted and agreed and doth hereby covenant and agree as follows, to wit, that he will not directly or indirectly, * * * at any time sell, furnish, give or deliver any spirituous * * * liquors to a minor or to any adult person whatever who is at the time intoxicated."

Section 2844 was amended by chapter 165, p. 190, of the laws of 1903, by including in unlawful sales without notice "any person in the habit of getting intoxicated." But the section giving the form of bond in the Revised Code of 1903 was not changed to correspond with the amendment. This change is immaterial in this case, as the court did not submit the issue as to a person "in the habit of getting intoxicated" to the jury.

The contention of the appellants that the act is unconstitutional has been determined against their contentions by this court in the cases of Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1082, and Stafford v. Levinger, 16 S. D. 118, 91 N. W. 462, and we do not deem it necessary to further consider that question at this time.

The contention of the appellants that the complaint is insufficient for the reason that it is not alleged therein that the bond was approved and filed is not tenable for the reason that the following indorsement appears upon the said bond which is a part of the complaint: "I hereby certify that the within bond was approved by the board of county commissioners of the county of Davison and state of South Dakota, dated the 30th day of June, 1905. O. D. Stearns, County Auditor." This in our opinion was a sufficient compliance with the statute to entitle the bond to be received in evidence.

It is further contended that the court erred in charging the jury that it was not necessary that Palmer should be intoxicated when he committed suicide. This instruction is in accord with the decision of this court in Garrigan v. Kennedy, supra, in which this court said, "Whether Garrigan was intoxicated at the time he committed suicide or not was not material, provided his suicide

was the result of his previous intoxication." See, also, Stafford v. Levinger, supra.

It is next contended by the appellants that the court erred in instructing the jury that the plaintiff could recover for her children although she might not be entitled to recover for herself. But this instruction is sustained by section 2849, Rev. Pol. Code, in which it is provided that "it shall be legal for any married woman or any person at her request to institute and maintain in her own name a suit on any such bond mentioned in this article for all damages sustained by her or by her children on account of such traffic, and the money thus collected shall be paid over for the use of herself and her children." As the action is based wholly upon the statute the plaintiff was clearly entitled to recover the damages sustained by her or her children under the provisions of that section, and if for any reason the jury might be of the opinion that plaintiff herself was not entitled to recover, still she was authorized to recover the damages sustained by her children.. The cases cited by the learned council for appellants arose under Codes making different provisions in regard to the parties to the action, and are therefore not applicable to the case at bar.

It is further contended that the court erred in stating to the jury that "Nobody here is entitled to anything but their legal rights, and that is all anybody is asking for." The remarks of the court were general, applicable alike to both parties, and we are unable to discover that the defendants were prejudiced by this statement..

It is further contended by the appellants that it was error for the court to allow testimony to be given by the witnesses as to whether or not Palmer was intoxicated, for the reason that such questions call for conclusions of the witnesses. But clearly there was no error in this ruling of the court, as it seems to be well settled that such questions are proper in cases of this kind. In 17 Cyc. 135, the law as to such evidence is thus stated: "A witness may state whether a person was intoxicated and the extent of his intoxication; and whether he had been drinking or just recovering from a state of drunkenness." Dozier v. State, 130 Ala. 57, 30 South. 396; People v. Monteith, 73 Cal. 7, 14 Pac. 373;

Dimick v. Downs, 82 Ill. 570; Chicago City R. Co. v. Wall, 93 Ill. App. 411; State v. Cather, 121 Iowa, 106, 96 N. W. 722; Campbell v. New York Fidelity Co., 109 Ky. 661, 60 S. W. 492; Edwards v. City of Worcester, 172 Mass. 104, 51 N. E. 447; People v. Sehorn, 116 Cal. 503, 48 Pac. 495; People v. Packenham, 115 N. Y. 200, 21 N. E. 1035.

The counsel for appellants have assigned as error numerous rulings of the court in the admission and rejection of evidence, but after a careful examination of the same we are of the opinion that there is not sufficient merit in either of these assignments of error to require a separate discussion, and the court committed no error in the admission or rejection of evidence which would entitle the appellants to a reversal of the judgment.

A motion for a new trial was made, one of the grounds of which was newly ·discovered evidence, and it is contended by the appellants that the court erred in not granting a new trial upon the grounds stated. In Axion Min. Co. v. White, 10 S. D. 198, 72 N. W. 462, this court said: "Except under unusual circumstances a new trial will not be granted on the grounds of newly discovered evidence which goes only to discredit or impeach a witness, or which is merely cumulative." Scheffer v. Corson, 5 S. D. 232, 58 N. W. 555; Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Gaines v. White, 2 S. D. 410, 50 N. W. 901. The granting or refusing of a new trial upon the grounds of newly discovered evidence is largely in the discretion of the trial court, and unless there has been a manifest abuse of such discretion this court will not review the action of the trial court upon such motion. And unless such evidence would probably produce a different result upon a new trial a new trial should be denied. Wilson v. Seamon, 15 S. D. 103, 87 N. W. 577; Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254.

In the view we take of the case it will not be necessary to set out the affidavits introduced on the part of the appellants in support of their motion for a new trial, as in our opinion no useful purpose would be served by reproducing them in this opinion. It is sufficient to say that the evidence sought to be introduced on a new trial was not of a nature calculated to produce a different re-

sult on another trial if competent or admissible, as it tended simply to contradict the evidence of the plaintiff and as showing that the deceased shortly prior to his death entertained a feeling of hostility to his wife. In our opinion there was no abuse of the court's discretion in denying the motion for a new trial.

Finding no error in the record, the judgment of the circuit court is affirmed.