MANLEY DANIELS v. THE STATE OF TENNESSEE.*

(*Jackson.* April Term, 1927.)

Opinion filed July 16, 1927.

1. CRIMINAL LAW. Motor driven vehicle. Driving while intoxicated. Construction of Acts 1917, ch. 21, sec. 1, and Acts 1925, ch. 117.

The Act of 1917 made it a misdemeanor to drive anywhere within the State, a motor-driven car, while under the influence of liquor, "or while in a drunken or partly drunken condition." **The Act** of 1925 amends the act by implication to the extent of prescribing different punishment where the offense is committed upon a public highway "under the influence of an intoxicant." .(Post, p. 555.)

2. SAME. Same. Same.

The gravamen of the offense under either act is the driving under the influence of an intoxicant. (Post, p. 557.)

Citing: Com. v. Lyseth (1925), 250 Mass. 555, 146 N. E. 18; Hart. v. State, 26 Ga. App. 64, 105 S. E. 383; 33 C. J., 802.

3. SAME. Same. Same. Opinion of witnesses.

The better practice is for witnesses to narrate facts, and then give an opinion, yet it is competent for a witness to give his opinion as to intoxication of defendant without description of actions or conduct, and conversely, a witness may state that a person was sober. (Post, p. 553.)

Citing: Bostwick v. State, 285 S. W., 50, 22 C. J., and cases cited in note; 11 R. C. L., 608; Am. & Eng. Ann. Cas., vol. 10, note on p. 788; Edwards v. Worcester, 172 Mass., 104, 51. N. E., 447; People v. Eastwood, 14 N. Y., 562; Choice v. State, 31 Ga., 424,

---

*As to criminal liability of one operating automobile while under the influence of intoxicating liquor, see annotation in L. R. A. 1917A, 313; 1 R. C. L. Supp., 722; 6 R. C. L. Supp., 130.

Opinion evidence by experts as to intoxication, see annotation in 11 L. R. A. (N. S.), 642; 11 R. C. L., 608; 2 R. C. L. Supp., 1283; 6 R. C. L. Supp., 666.

467; Holland v. Zollner, 102, Cal., 633; 36 p. 930; 37 p. 231; State v. Cather, 121 Ia., 106, 109, 96 N. W., 722; Duke v. State, 61 Tex. Cr., 441, 134 S. W., 705.

### 4. SAME. Indictment. Averment. Surplusage.

An indictment charging that defendant did operate a motor-driven vehicle upon the public highway of a county of the State, being then and there drunk, is good under the Act of 1925; treating the words employed of Act of 1917, "being then and there drunk and in a drunken condition" as surplusage. (Post, p. 557.)

### 5. SAME. Trial. Harmless error.

Error not prejudicial, as admission of evidence within the discretion of trial court, and error in the charge with respect to the right to impose a fine of $50, which the jury did not do, are not ground of reversal. (Post, p. 558.)

### 6. STATUTES. Amendatory Acts.

Amendatory Acts must, in caption or otherwise, recite, the title or substance of law amended. (Post, p. 556.)

Citing: Ry. v. State, 110 Tenn., 598; 75 W., 730; State v. Smith, 119 Tenn., 521; 105 S. W., 68.

### 7. SAME. Same. By implication.

But an act not purporting on its face to amend a particular statute may operate as an amendment by implication, without reciting the title or substance of the former law, or without making any reference to it. (Post, p. 557.)

Citing: R. R. v. Crider, 91 Tenn., 506; State v. Yardly, 95 Tenn., 558; Shelton v. State, 96 Tenn., 521; Henly v. State, 98 Tenn., 707; Turner v. State, 111 Tenn., 606; R. R. v. Maxwell, 113 Tenn., 464; Malone v. Williams, 118 Tenn., 444; State ex rel. v. Taylor, 119 Tenn., 253, 104 S. W., 242.

### 8. SUPREME COURT PRACTICE. Reformation of judgment.

Where a fine is erroneously imposed by the trial court, such may be eliminated, and with this modification, the judgment, if sustained by the evidence, as to imprisonment affirmed, as where

the indictment is good under the Act of 1925, chapter 117, and Act of 1917, chapter 21, permitting a fine, is not applicable. (Post, p. 557-558.)

---

*Headnotes 1.  Motor Vehicles, 28 Cyc., p. 50; 2.  Criminal Law, 16 C. J., section 2127 (Anno); 3.  Criminal Law, 17 C. J., section 3642; 4.  Motor Vehicles, 28 Cyc., p. 50; 5. Evidence, 22 C. J., section 694; 6.  Motor Vehicles, 28 Cyc., p. 49; 7.  Statutes, 36 Cyc., p. 1058; 8. Statutes, 36 Cyc., p. 1058; 9.  Intoxication, 33 C. J., p. 802; 10. Motor Vehicles, 28 Cyc., p. 49; 11.  Motor Vehicles, 28 Cyc., p. 49; 12. Criminal Law, 17 C. J., section 3705; 13.  Motor Vehicles, 28 Cyc., p. 50.

---

## FROM LAUDERDALE.

---

Appeal from the Criminal Court of Lauderdale County. —HON. R. P. BAPTIST, Judge.

CRAIG & DURHAM, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error has appealed from a conviction for driving an automobile while intoxicated.  The trial court imposed upon him a fine of $35, a workhouse sentence of thirty days, and enjoined him from driving an automobile for twelve months.

Omitting the formal parts the indictment charged that the plaintiff in error "unlawfully and wilfully did drive and operate an automobile and motor-driven vehicle upon the public highways and roads of the State of Tennessee within the county of Lauderdale, he, the said Manley

Daniels, being then and there drunk and in a drunken condition and under the influence of an intoxicant.''

The first assignment of error is general in its nature and relates to matters which will be specifically dealt with hereafter.

The second and third assignments of error question the sufficiency of the evidence to sustain the verdict.

While the direct testimony as to intoxication is in conflict, when taken in connection with the conduct of the plaintiff in error, as detailed by numerous witnesses, the evidence does not preponderate against the verdict. Several witnesses testified that the plaintiff in error was drunk or drinking; according to testimony offered by the State he ran his car into that of Sanford on a highway in daylight when there was ample room to pass; he engaged in loud and profane swearing; was seen to drink out of a bottle; showed the witness Morris where he could obtain a drink from a bottle on the side of the road near the scene of the accident, which Morris testified smelled like some alcoholic drink; admitted that he drank whisky, but testified that he had drunk none that day. Plaintiff in error attempted to explain many of these matters, but not to the satisfaction of the jury. According to the witnesses for the State he was driving in a reckless and dangerous manner just as an intoxicated person would do.

By the fourth assignment of error complaint is made as to the action of the court in permitting two witnesses to testify who had heard other testimony when the rule had been called for.

This is a matter within the discretion of the trial court, and the plaintiff in error was not prejudiced by his action in this particular.

By the fifth assignment of error it is insisted that the trial court erred in charging the jury that they should return a verdict of guilty if they found that plaintiff in error was driving an automobile along the public road while in "a partly drunken condition," the presentment containing no such allegation. The word "partly" does not appear in the presentment, but does appear in the Act of 1917.

This is technical, and was in no sense prejudicial, as will be seen when the statutes involved are later discussed herein.

By the sixth assignment of error it is said that the court erred in permitting certain witnesses named to express their opinion that the plaintiff in error was drinking or drunk instead of stating facts from which the jury might conclude that he was drunk, exception to such testimony being timely made.

In the main these witnesses detailed or described the conduct of the defendant, and then gave it as their opinion that he was either drunk or drinking.

The better practice is for the witnesses to describe the actions and conduct of the party, and then give their opinion as to whether or not he was intoxicated. But, under the great weight of authority, it is competent for a witness to give his opinion upon this matter without describing his actions and conduct. *Bostwick* v. *State,* 285 S. W., 50; 22 C. J., 599, and cases cited in note; 11 R. C. L., 608; 10 Am. & Eng. Ann. Cas. note on page 788.

In *Edwards* v. *Worcester,* 172 Mass., 104, 51 N. E., 447, it was said:

"The witnesses were rightly allowed to testify whether the plaintiff was intoxicated. It was not a matter of opinion any more than questions of distance, size, color, weight, identity, age, and any other similar matters are."

In *People* v. *Eastwood,* 14 N. Y., 562, the Court of Appeals of New York said:

"A child may answer whether a man whom it has seen was drunk or sober; it does not require science or opinion to answer the question, but observation merely; but the child could not probably describe the conduct of the man so that from its description others could decide the question. Whether a person is drunk or sober, or how far he was affected by intoxication, is better determined by the direct answer of those who have seen him than by their description of his conduct."

With reference to the reason for the rule the court, in *Choice* v. *State,* 31 Ga., 424, 467, said:

"Really, no other rule is practicable. If the witness must be confined to a simple narration of facts, how the person leered or grinned, how he winked his eyes, or squinted, how he wagged his head, etc., all of which drunken men do, you shut out, not only the ordinary, but the best mode of obtaining truth."

In *Holland* v. *Zollner,* 102 Cal., 633, the court, in speaking of drunkenness, said:

"It is easy of detection and difficult of explanation."

In *State* v. *Cather,* 121 Iowa, 106, 109, 96 N. W., 722, the court said:

"The acts, conduct, and demeanor of a person under the influence of intoxicants cannot be accurately reproduced, and for this reason the question of intoxication is better determined from the direct answers of those who saw him, than from any description of his conduct." Conversely, a witness may state that a person was sober. *Duke* v. *State,* 61 Tex. Cr., 441, 134 S. W., 705.

The seventh assignment of error is in the following language:

"The court erred in overruling the defendant's motion to quash and dismiss the indictment in this cause made before the beginning of the trial of the case, because no prosecutor was endorsed on the present-ment or indictment and the grand jury had no inquisitorial powers under the Act of 1925; because the presentment or indictment purported to be drawn under both the Acts of 1917 and 1925 in the same count of the indictment; because the Act of 1925 is unconstitutional and void under Article 2, section 17 of the Constitution of Tennessee, and because no presentment or indictment could be certain and definite when drawn under both of the said acts, and this presentment or indictment was uncertain and indefinite."

This assignment of error necessitates an analysis of the two acts involved.

Section 1 of chapter 21 of the Acts of 1917 is as follows:

"That it shall be unlawful for any person or persons, while under the influence of intoxicating liquor, or while in a drunken or partly drunken condition to drive or assist in driving any automobile, motor car, taxicab or motorcycle in the State of Tennessee."

By section 2 of said act the punishment is fixed at a fine of not less than $10 nor more than $100 for each offense, or in lieu of the fine the court may imprison the offender for not more than thirty days in the county jail, or it may impose both a fine and imprisonment at its discretion.

By the third section inquisitorial power is conferred upon the grand jury.

This act made it a misdemeanor to drive an automobile anywhere in the State of Tennessee while under the

influence of intoxicating liquor. It applied to a highway
or a private way, or to woodland or farm land.

The Legislature desiring to increase the punishment
for driving an automobile on a highway, where the dan-
ger to life and property is much greater, enacted Chap-
ter 117 of the Acts of 1925, which is in the following lan-
guage:

"An act to prohibit the driving of an automobile
by any person under the influence of an intoxicant and
to punish such persons.

"Section 1. Be it enacted by the General Assembly
of the State of Tennessee, That any person who is under
the influence of an intoxicant who shall be found guilty
of driving an automobile or other motor driven vehicle
on the public highways, of the State of Tennessee shall
be imprisoned in the county workhouse for not less
than thirty days nor more than six months, and that such
person shall be prohibited from driving such vehicles
in Tennessee for a period of one year, and if found guilty
of doing so shall be imprisoned in the county workhouse
for a period of not less than four nor more than eleven
months.

"Section 2. Be it further enacted, That this Act
take effect from and after its passage, the public welfare
requiring it."

It will be observed that in its body the act is restricted
to driving an automobile on the public highways.

It follows that the latter act amends the former by
implication, which is permissible under the holdings of
this court. It operates as an amendment to the extent
of prescribing different punishment where the offense is
committed upon a public highway.

The requirement that amendatory acts shall recite in
their caption, or otherwise, the title or substance of the

law amended is mandatory, and an act purporting to amend an existing law without complying with such requirement is invalid and void. *Railroad* v. *State,* 110 Tenn., 598; *State* v. *Smith,* 119 Tenn., 521.

But an act not purporting on its face to amend a particular statute may operate as an amendment by implication, without reciting the title or substance of the former law, or without making any reference to it. *Railroad* v. *Crider,* 91 Tenn., 506; *State* v. *Yardley,* 95 Tenn., 558; *Shelton* v. *State,* 96 Tenn., 521; *Henley* v. *State,* 98 Tenn., 707; *Turner* v. *State,* 111 Tenn., 606; *Railroad* v. *Maxwell,* 113 Tenn., 464; *Malone* v. *Williams,* 118 Tenn., 444; *State ex rel.* v. *Taylor,* 119 Tenn., 253.

In the Act of 1925 the prohibition is limited to one "under the influence of an intoxicant," while the Act of 1917 contains the additional words, "or while in a drunken or partly drunken condition." These terms mean substantially the same thing and are here used synonymously. 33 C. J., 802.

The gravamen of the offense under either of these acts is the driving of an automobile while under the influence of an intoxicant. Necessarily, one who is drunk, or partly drunk, is under the influence of an intoxicant.

The words of the indictment in the instant case "being then and there drunk and in a drunken condition" may be treated as surplusage, and, so treating them, the indictment conforms to the Act of 1925.

The elements of the offense charged are: (1) The driving of an automobile, (2) on a public highway, and (3) while under the influence of an intoxicant.

The court committed error in charging the jury with respect to their right to impose a fine in excess of $50, which they did not do. This was harmless error, and

in nowise prejudiced the plaintiff in error. While the trial court appears to have been somewhat confused and in doubt as to the relationship existing between the two acts, the real issue involved was submitted to the jury in unmistakable terms, viz: if the plaintiff in error "was in a drunken, or partly drunken condition, or was under the influence of intoxicating liquors he would be guilty," etc., which amounted to no more than saying that if he was under the influence of intoxicating liquors he would be guilty.

The court in *Conn* v. *Lyseth* (1925), 250 Mass., 555, 146 N. E., 18, indicating a distinction between drunkenness and being under the influence of liquor, held that it was not necessary to prove drunkenness to secure a conviction under a statute prohibiting the operation of motor vehicles "while under the influence of intoxicating liquor."

And in *Hart* v. *State*, 26 Ga. App., 64, 105 S. E., 383, it was held that it was not necessary for a driver to partake of intoxicating liquors until a state of drunkenness is reached, in order to violate a statute making it unlawful for a person to operate a motor vehicle upon a public highway while "under the influence of intoxicating liquors."

As previously stated, if the plaintiff in error was in a drunken or a partly drunken condition he was necessarily under the influence of an intoxicant.

By the eighth assignment of error complaint is made of the trial court in refusing to arrest the judgment for the reasons stated in the seventh assignment.

The indictment in this case is good under the Act of 1925, and all of the elements constituting the offense are well sustained by the evidence.

The judgment will be reformed so as to eliminate the fine imposed, and with this modification the judgment of the trial court will be affirmed.