J. Miller Harris, Plaintiff in Error, *v.* The State, Defendant in Error.*

(*Nashville*. December Term, 1929.)

Opinion filed, March 15, 1930.

J. T. BASKERVILLE and J. T. DURHAM, for plaintiff in error.

NAT. TIPTON, Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted under chapter 117 of the Acts of 1925 denouncing the driving of an automobile on the public highways of the State by a person under the influence of an intoxicant. He was found guilty and his punishment fixed at thirty days in the county workhouse.

The first assignment of error is that the evidence preponderates against the verdict of the jury. We have discussed the facts orally and it is sufficient to say that we think the verdict and judgment below were fully sustained by the proof.

■ It is also assigned for error that the trial judge improperly permitted several witnesses, over the objection of defendant below, to testify that he was drunk, without giving the facts or circumstances upon which their statements were based.

This matter was fully considered by the court in the case of *Daniels* v. *State,* 155 Tenn., 549. While it is suggested in that case that it might be more satisfactory for the witnesses to describe the actions and conduct of the accused and then give their conclusions as to whether or not he was intoxicated, the court adopted and approved language of the Supreme Judicial Court of Massachusetts used in *Edwards* v. *Worcester,* 172 Mass., 104, and language of the New York Court of Appeals used in *People* v. *Eastwood,* 14 N. Y., 562. In these cases it was said that witnesses might properly be allowed to testify whether a person was intoxicated; that it was not a matter of opinion any more than questions of distance, size, color, weight, identity, age or similar matters; that it did not require science or opinion to answer such question, but merely observation; that a child might answer whether a man whom it had seen was drunk or sober but probably could not describe the conduct of the man.

We think *Daniels* v. *State, supra,* was properly decided and adhere to the ruling therein made. This ruling disposes of the assignment of error based on the refusal of the court to give in charge a request that the opinions of a witness should have weight only to the extent that they were based on facts and circumstances detailed by the witness.

■ The assignment of error most strongly pressed is that the circuit court wrongfully failed to sustain a plea of former conviction. This plea set out that the defendant

below was arrested upon a warrant charging him with public drunkenness and brought before a justice of the peace of Sumner County, where evidence was heard, and the defendant pleaded guilty to this charge and was fined $2 and the costs of the case, which fine and costs were paid by him; that said charge of public drunkenness was based upon the very same transaction upon which the indictment herein was predicated.

This exact question was raised and recently considered in the case of *Bowman* v. *State,* decided by this court on February 1, 1930, 160 Tenn., 303. It was there held that a conviction of public drunkenness upon the plea of guilty before a magistrate was not a bar to the prosecution of the defendant for driving an automobile while under the influence of an intoxicant based on chapter 117 of the Acts of 1925.

According to the provisions of Thompson's-Shannon's Code, sec. 6960, a magistrate is without jurisdiction to render judgment against a defendant, under the small offense law, where the particular offense is punishable by imprisonment alone but can only bind such party to appear at the next term of the circuit or criminal court. Chapter 117 of the Acts of 1925 requires that one found guilty thereunder be punished by imprisonment of not less than thirty days nor more than six months.

It was said upon such facts in *Bowman* v. *State,* that a plea of former conviction was not good "unless both courts had jurisdiction of the offense in the trial of which the plea is presented."

We are asked upon elaborate argument to reconsider this holding. We think, however, the principle is so firmly established by former decisions of this court that no departure therefrom is permissible.

In *Mikels* v. *State,* 50 Tenn. (3 Heisk.), 321, the defendant was indicted for an assault with intent to commit murder. He pleaded in bar former conviction before a magistrate on a charge of assault and battery resting on the same facts. The court said that the indictment for assault with intent to murder embraced two offenses, an assault and battery simply and an assault with felonious intent; that if defendant had confined his plea to the simple assault and battery, included in the indictment, such plea would have been a bar to the prosecution so far as the assault and battery charge was involved; but that the plea was not a bar to the prosecution for the felony. The plea was accordingly overruled.

In *Rose* v. *State,* 77 Tenn. (9 Lea), 388, the court said there was no doubt but that a plea setting up a valid proceeding in which the defendant had been punished under the small offense law was a good plea to the same misdemeanor included in the indictment for a felony, but that the former conviction was not an answer to the felony charged. It was added "but as under such indictments for felony, the defendant may be convicted for the misdemeanor or lesser grade of the offense, he may plead not guilty of the felony and plead the former conviction as to the misdemeanor, so that if he be acquitted of the felony, the former conviction may be a bar to any further punishment for the misdemeanor."

That a conviction before a justice of the peace for a misdemeanor is no bar to a prosecution for a felony based on the same facts is recognized by chapter 27 of the Acts of 1870-71, Thompson's-Shannon's Code, sec. 7180, which makes such a conviction a bar to the misdemeanor included in the indictment for the felony.

In *McNulty* v. *State,* 110 Tenn., 482, the court expressed the thought that the legislature did not intend to provide

a convenient mode for felons to escape merited punishment by permitting them to submit under the small offense law to the misdemeanor involved in the felony.

These decisions seem to fully justify the conclusion reached in *Bowman* v. *State, supra.* We are aware that a conflict of authority exists. That an acquittal or conviction of a minor offense included in a greater will not bar a prosecution for the greater where the court in which the acquittal or conviction was had was without jurisdiction of the greater offense appears to have the sanction of the Supreme Court of the United States in *Diaz* v. *United States,* 223 U. S., 442, 56 L. Ed., 500. In addition to the authorities cited in *Bowman* v. *State, supra,* see also cases collected in a note, 92 Am. St. Rep., p. 113. Perhaps the strongest presentation of the contrary view is that of the Supreme Court of California in *People* v. *McDaniels,* 137 Calif., 192, 92 Am. St. Rep., 81. This case is fully annotated in the Americ n State Reports where many decisions are collected.

*Mikels* v. *State, supra,* and *Rose* v. *State, supra,* discussed the effect of a plea of former conviction of an offense included in the offense for which the prosecution was pending. Public drunkenness cannot perhaps be said to be an offense included in the offense of driving an automobile on the public highway while under the influence of an intoxicant. The two are related offenses and may be included in different counts of the same indictment. *Dowdy* v. *State,* 158 Tenn., 364.

The rule announced in *Bowman* v. *State* is more easily applied in the case of related offense than in the case of included offenses. As shown in *Dowdy* v. *State, supra,* in many jurisdictions, related offenses, although growing

out of the same transaction, may be prosecuted separately and a conviction had upon each.

*Dowdy* v. *State, supra,* and the decisions upon which it is founded were cases where the court in which the former conviction or acquittal was obtained had jurisdiction of the offense for which the prosecution was pending.

The judgment below is affirmed.