CHRISTIAN *v.* BELLAMY.

*(Knoxville,* September Term, 1936.)

Opinion filed November 21, 1936.

C. H. RICHARDSON and W. C. MARGRAVES, both of Rogersville, for complainant.

PHILLIPS & HALE, of Rogersville, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

C. H. Pippin died May 20, 1935. The widow's year's support was set apart by the commissioners appointed by the county court June 3, 1935. It is shown by the stipulation that the total value of the goods set apart to the widow was less than $750, and included all the personal property belonging to the estate.

Referring to the proceedings in the county court, it was stipulated:

"On or about June 3, 1935, the said Charlotte Pippin, being some 83 years of age, told her son, Walter Eaton, to go to Rogersville and employ counsel to obtain her year's support. This son came to Rogersville and employed Phillips & Hale, attorneys, to represent his mother, and said attorneys thereupon obtained from George H. Campbell, Chairman of the County Court, an order appointing three disinterested freeholders of said county as commissioners to set aside such year's support. Said commissioners were sworn, and made a report allowing the widow certain items as her year's support."

The order of the county court appointing the commissioners, their acceptance of the appointment and oath, and their formal report are copied into the record.

After the death of Mrs. Pippin, the complainant, who had qualified as the administrator of her husband's estate, filed the bill to avoid the proceedings of the county

court under which the widow's year's support was set aside. It was charged that the proceeding is void (1) because no formal application was made to the county court by the widow either by motion or petition, and (2) that the county court proceeding does not show that C. H. Pippin died intestate, or, if testate, that the widow dissented from his will.

██ The chancellor held that the order of the county court setting apart the year's support was not open to collateral attack, but, supposing the contrary, the complainant could not recover because the property so set apart passed to the widow under the exemption laws by force of sections 7701, 8234, of the Code of 1932. The chancellor was of opinion that chapter 109, Acts 1933, is rendered void by the defective caption. In that conclusion we must concur for the reason-that under a caption limited to an amendment of section 7701 of the Code five other sections are either amended or repealed. Statutes that expressly purport to amend or repeal former laws must recite in their caption or otherwise the title or substance of the law repealed or amended. Constitution, article 2, section 17; *Daniels* v. *State*, 155 Tenn., 549, 296 S. W., 20; *State* v. *Smith*, 119 Tenn., 521, 105 S. W., 68; *Shelton* v. *State*, 96 Tenn., 521, 32 S. W., 967.

██ By section 7701 of the Code the maximum value of the exemption is fixed at $750. By stipulation it is shown that C. H. Pippin's personal estate was of less value than $750. Under section 8234 of the Code, the exempt property passed to the widow.

Affirmed.