PEOPLE v. JAPINGA.

1. INTOXICATING LIQUORS—ALLOWING MINORS TO REMAIN WHERE SOLD—STATUTES—SUFFICIENCY OF TITLE.

The provision of the liquor law (Act No. 313, Pub. Acts 1887) making it unlawful to allow any minor to remain in any room where intoxicating liquors are sold (3 How. Stat. § 2283d8) is within the title, "An act to provide for the taxation and regulation of the business of manufacturing, selling * * * intoxicating liquors."

2. SAME—CLASS LEGISLATION.

The exemption from the statute of minors accompanied by their fathers or legal guardians does not amount to an unconstitutional discrimination against minors not so accompanied.

3. SAME—CONSTITUTIONAL LAW—PRIVILEGES OF CITIZENS—POLICE POWER.

Section 1 of article 14 of the Federal Constitution, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, etc., does not forbid police regulations in protection of the weaker members of society, such as legislation making it unlawful to allow minors in places where intoxicating liquors are sold.

Exceptions before judgment from Ottawa; Padgham, J. Submitted November 5, 1897. Decided December 7, 1897.

Abel Japinga was convicted of having allowed a minor to remain in his saloon where intoxicating liquors were sold. Affirmed.

*L. E. Carroll,* for appellant.

*Fred A. Maynard,* Attorney General, and *Arend Visscher,* Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was convicted of a violation of section 2283d8, 3 How. Stat., in that he per-

mitted one Jacob Japinga to be and remain in his (respondent's) saloon where intoxicating liquors were being sold. It seems that the respondent employed the minor as a barkeeper. There is no doubt that the facts are such as to bring the respondent within the condemnation of the statute, if the statute is valid. This is not contested, but it is insisted by respondent's counsel that the statute is unconstitutional, in that the purpose of this section is not expressed in the title. The title is, "An act to provide for the taxation and regulation of the business of manufacturing, selling * * * intoxicating liquors," etc. (Act No. 313, Pub. Acts 1887), and it is said that the section in question is prohibitory. It might be said with equal force that any regulation of the traffic involves, of necessity, a prohibition of conducting the business in defiance of the regulations.

It is also said that the regulations discriminate in favor of a class of minors; the prohibition extending to that class of minors who are not accompanied by their fathers or legal guardians, respectively. This is not an unlawful discrimination against any person. In the wisdom of the legislature, it was not deemed necessary to throw the shield of this inhibition about minors who were accompanied by their parents. And this was purely a legislative question.

It is further contended that the section in question is in conflict with section 1 of article 14 of the Constitution of the United States, providing that:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

It is argued that this provision excludes minors from entering on a lawful business. We think it is hardly necessary to enter upon an extended discussion or citation of authorities to demonstrate that this constitutional pro-

vision was not intended to prohibit police regulations in *protection* of the weaker members of society.

No error appearing, the exceptions will be overruled.

The other Justices concurred.