DORFF v. ST. ADALBERT'S AID SOCIETY.

INSURANCE—DISQUALIFICATIONS—WAIVER.

An association for the purpose of insuring against sickness,
which accepts dues from a member known by its officers to
belong to a society not approved by the Roman Catholic
Church, cannot thereafter take advantage of a by-law for-
bidding membership in a society not so approved, to defeat a
claim for benefits under a policy.

Error to Kent; Perkins, J. Submitted June 16, 1909.
(Docket No. 115.)  Decided July 6, 1909.

Assumpsit by Paul Dorff against the St. Adalbert's
Aid Society upon a benefit certificate. A judgment for
plaintiff is reviewed by defendant on writ of error.
Affirmed.

*McKnight & McAllister*, for appellant.

*Charles A. Watt*, for appellee.

BROOKE, J. The plaintiff in this case for many years
prior to October, 1901, was a member of the Aid Society,
which is a corporation organized under the laws of the
State of Michigan, having a constitution and by-laws,
collecting dues from its members, and in case of sickness
of a member the by-laws provide for the payment of $3 a
week for sick benefits. Under the terms of the by-laws
no member of the St. Adalbert's Aid Society can belong
to any society that is not approved by the Roman Catholic
Church. Section 12 of article XII of its constitution pro-
vides:

"That no member of the St. Adalbert's Aid Society
can be a member of any society that is not approved by
the Roman Catholic Church."

The plaintiff had been a member of the Polish Ameri-
can Alliance from the year 1896, and continued his mem-
bership in said society up to the time of bringing this suit.

An effort seems to have been made by the defendant in this case to have all its members leave the Polish Alliance. Plaintiff, however, did not do so. His dues in defendant society were refused in February, 1901, upon the ground that he was a member of the other society; but at the end of six months he was notified of his reinstatement, and paid the dues for the back six months, and continued as a member in good standing, the defendant company accepting dues for the months of October and November of 1902. On May 25, 1902, the plaintiff became ill. Defendant's sick committee was notified, and defendant was paid $6 for two weeks' benefit in June, when it refused to pay further upon the ground that the plaintiff was working. Defendant paid $12 for four weeks' sick benefit in the month of September. There is no doubt that the plaintiff continued to be ill from September 1, 1902, up to the time of the commencement of suit, a period of 63 weeks.

The learned circuit judge, who tried the case without a jury, found, as a matter of law, that the defendant society had, by accepting dues from the plaintiff with full knowledge of his membership in the other society, waived the provision in the constitution and by-laws relative to membership, and that the plaintiff was entitled to recover the sum of $211.80, with costs. In this conclusion we think the circuit judge was correct. The record discloses the fact that the plaintiff had paid dues in the defendant society for 28 years, and since 1896, at any rate, had been a member of the Polish Alliance as well. It would be grossly inequitable to permit this defendant society to continue collecting dues from members known by it to be ineligible to membership under its constitution and by-laws, and, when such members by reason of illness had become entitled to the benefits provided by the organization, to allow it to shield itself behind the provision in the constitution in order to avoid its obligation.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and McALVAY, JJ., concurred.