## SISSON *v.* LAMPERT.

1. CONSTITUTIONAL LAW—CIVIL-DAMAGE ACT—STATUTES — TITLE.
   The act for the regulation of the manufacture and sale of intoxicating liquors is not in violation of the Constitution of 1850, art. 4, § 20, providing that no law shall embrace more than one object which shall be expressed in its title, in that it provides a civil remedy for the violation of the statute. 2 Comp. Laws, §§ 5379–5446.

2. INTOXICATING LIQUORS—CIVIL-DAMAGE ACTION—EVIDENCE.
   Testimony concerning the intoxicated condition of the deceased on the day he was killed is admissible in an action against a saloonkeeper for damages sustained by his wife on account of his death.

3. SAME — EVIDENCE — HYPOTHETICAL QUESTIONS — SAVING QUESTIONS FOR REVIEW.
   An objection that a hypothetical question is too long does not make the point that it contains facts which are not supported by the evidence.

4. SAME—HABITS OF DECEASED—SURETIES' LIABILITY.
   Testimony concerning the habits of the deceased in the use of intoxicating liquors during the period prior to the execution of the defendant's bond, is admissible for the purpose of showing the illegal nature of the sales and the right to exemplary damages.

5. SAME—EVIDENCE—CROSS-EXAMINATION.
   The exclusion of testimony, on cross-examination of the plaintiff, offered to show a conspiracy by proving an agreement to divide the proceeds with one witness, is not prejudicial error where the question had been previously asked and answered and the purpose was not indicated to the trial court.

Error to Kent; Perkins, J. Submitted November 8, 1909. (Docket No. 177.) Decided February 3, 1910.

Case by Adella M. Sisson against Theodore Lampert, principal, and Andrew Hill and Richard Havinga, sureties, and Robert W. Swayze, principal, and Vard S.

Raymond and Henry W. Booth, sureties, under the civil-damage act. A judgment for plaintiff is reviewed by defendants on writ of error. Affirmed.

*E. J. Doyle* (*Francis A. Stace,* of counsel), for appellants.

*John J. McKenna,* for appellee.

MONTGOMERY, C. J. This action was brought against two saloon keepers, one maintaining a place of business at Ada, Kent county, and the other at Lowell, in the same county. The bondsmen of each are joined in the action. The action is to recover damages caused by the death of the plaintiff's husband while intoxicated; intoxication having been induced by liquors sold by the two different dealers, as found by the jury. The plaintiff recovered a verdict of $3,000, and the defendants bring error.

The first contention made is that the stutute (Act No. 313, Public Acts 1887, being chapter 138, §§ 5379-5446, 2 Comp. Laws) is unconstitutional, and particularly that section 20 of the act, providing a civil remedy, is unconstitutional as not within the title. The title of the act is:

"An act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors, and malt, brewed, or fermented liquors, and vinous liquors in this State," etc.

It is claimed that this violates article 4, § 20, of the Constitution of 1850, which provides that no law shall embrace more than one object, which shall be expressed in its title. There are many cases in which this court has declared that the effect of this constitutional provision is to restrict legislation to one general object expressed in the title, and that it is no infringement of this section to embody any provision germane to and reasonably collateral to the general object expressed. Under a title of an act to regulate the sale of intoxicating liquors any provision

which relates to the regulation of such sale, and provides either a civil or criminal remedy, is clearly within the constitutional provision thus interpreted.

A case very much in point is that of *Fortin* v. *Electric Co.*, 154 Mich. 316 (117 N. W. 741). The title to the act there under consideration was: "An act to regulate the operation of electric cars within the county of Bay." The act contained a provision for a civil remedy and also a penal provision. It was said:

"The title to the act is sufficiently broad to cover the subject. It is obvious that an act to regulate the operation of electric cars would have, under that statement, for its purpose the protection of those who are called upon to make use of such cars, as well as others with whom such cars might come in collision."

The case is rested in part upon the analogy of the statute here under consideration and the one there considered. It was said:

"In the case of *Robison* v. *Miner*, 68 Mich. 549 (37 N. W. 21), it was held that there was but one general purpose indicated by this title."

It is claimed that error was committed in permitting various witnesses to testify as to the intoxicated condition of the deceased on the day when it is alleged that his death resulted from his condition. This testimony was entirely competent under the authorities. *Cook* v. *Insurance Co.*, 84 Mich. 12 (47 N. W. 568); *State* v. *Cather*, 121 Iowa, 108 (96 N. W. 722); *People* v. *Eastwood*, 14 N. Y. 566; *Edwards* v. *City of Worcester*, 172 Mass. 105 (51 N. E. 447); and *Dimick* v. *Downs*, 82 Ill. 572.

It is next claimed that the court erred in submitting hypothetical questions to Dr. McCormick, for the reason that it is now urged that the question embodied facts of which no testimony had been offered. We find, however, upon examination of the record, that this distinct point was not made. It was objected that the question was too lengthy, but the facts embodied in the question, of which it is now claimed no testimony was offered, were not

pointed out so that the trial court would have the opportunity of examining the stenographer's minutes and correcting it.   We think the objection was not well taken.

Objection was also made to the testimony showing the habits of deceased as to the use of intoxicating liquors prior to the year when these defendants became bondsmen for the two dealers, and prior to the date in question.   We think this testimony was competent as tending to show that Sisson was a man in the habit of getting intoxicated, and thus showing that the sales made to him on the day in question were illegal.   The court expressly limited the testimony to this purpose, and for the purpose of bearing upon the question of exemplary damages.   No error was committed in this ruling.

On cross-examination of the plaintiff the defendant asked as to whether a contract had not been made between her and one Wood with reference to the conduct of this suit. This testimony was offered for the purpose of showing barratry.   The witness, however, had already testified that she had made her contract with her attorney, McKenna, and had distinctly answered the question as to whether Mr. Wood was to receive any percentage by saying:   "I don't know.   I don't think he is."   The question was then repeated:

"Well, you have stated the terms of the contract.   I will ask you if Wood is not to get a percentage of the winnings."

This was objected to.   It is now argued in this court that one purpose of this testimony was to show a conspiracy; the defendant citing and relying upon *Mawich* v. *Elsey*, 47 Mich. 10 (8 N. W. 587, 10 N. W. 57), and *Cole* v. *Railway Co.*, 81 Mich. 156 (45 N. W. 983).   It is manifest that no such purpose was indicated to the trial court.   We think no error was committed to the prejudice of the defendant in the rulings of the trial court upon this subject.

The questions relating to the charge of the court are, we

think, sufficiently answered by the very recent case of *Merrinane* v. *Miller*, 157 Mich. 279 (122 N. W. 82), where the subjects involved are fully discussed.

A motion for a new trial was made and denied. It is contended that the verdict was against the weight of the evidence. We have examined this record with care; and, so far from concurring in the view of defendants' counsel, we must say that we think the plaintiff made an exceptionally strong case, and that the verdict of the jury was fully justified.

The judgment will be affirmed, with costs.

OSTRANDER, HOOKER, BROOKE, and BLAIR, JJ., concurred.