BEACON CLUB v. KALAMAZOO COUNTY SHERIFF.

1. STATUTES—AMENDATORY ACT—REFERENCE IN TITLE TO ADDED SECTION.
   The inclusion of a reference to an added section in the title of an amendatory act is essential to the validity of the added section.

2. SAME—ADDED SECTION—TITLE OF AMENDATORY ACT—ERRONEOUS ENROLLMENT.
   Submission of an enrolled amendatory act to the governor in form whereby the title omitted reference to fact that a section had been added thereby to the act amended was a nullity, where the governor returned the incorrect enrolled act, a correct enrolled act was printed and presented to the governor, it being assumed that the legislature considered the section in question a material part of the bill, where its addition during the course of its passage was specifically concurred in by each house of the legislature (Const 1908, art 5, § 36; PA 1933 [Ex Sess], No 8, § 26c, as added by PA 1949, No 295).

3. SAME—CLERICAL ERROR.
   Action of the legislature may not be invalidated on the basis of a clerical error that was subsequently, and properly, corrected.

4. INTOXICATING LIQUORS—TITLE OF ACT—CONSTITUTIONAL LAW.
   The title of the liquor control act was sufficiently broad to permit the accomplishment of the purpose of the liquor control amendment to the State Constitution (Const 1908, art 16, § 11, as amended in 1932; PA 1933 [Ex Sess], No 8).

5. STATUTES—TITLE OF ACT—AMENDMENT.
   Whatever might have been incorporated into the original act under its title may be added thereto by way of amendment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4–6] 50 Am Jur, Statutes § 159 et seq.
[4, 8–11] 50 Am Jur, Statutes §§ 193 et seq., 309 et seq.; 30 Am Jur, Intoxicating Liquors § 46.
[5, 17] 50 Am Jur, Statutes § 210.
[9] 50 Am Jur, Statutes § 197.
[12, 15, 16] 12 Am Jur, Constitutional Law §§ 476 et seq., 504 et seq.; 30 Am Jur, Intoxicating Liquors §§ 41–43.
[13, 14] 11 Am Jur, Constitutional Law § 96 et seq.
[18] 14 Am Jur, Costs § 91.

6. Intoxicating Liquors—Statutes—Regulation—Prohibition—
Title of Act—Constitutional Law.

> The purpose of section added to the liquor control act whereby
> it was made unlawful to provide unlicensed premises wherein
> others might engage in drinking intoxicating liquor for a fee
> or for any other consideration including the storage of such
> liquors or the sale of food, mixers, ice or other fluids used
> with alcoholic liquors, was directed against the owners and
> operators of unlicensed premises who promoted drinking there-
> on, was to regulate the use of intoxicating liquors, and did not
> constitute an unconstitutional prohibition under the guise of
> regulation, since the title of the act providing for the control of
> the alcoholic beverage traffic was sufficiently broad to cover
> the amendment (Const 1908, art 16, § 11, as amended in 1932;
> PA 1933 [Ex Sess], No 8, § 26c, as added by PA 1949, No 295).

7. Same—Regulation—Prohibition.

> Any regulation of the liquor traffic necessarily involves a pro-
> hibition of conducting the business in defiance of the regula-
> tions (PA 1933 [Ex Sess], No 8, as amended).

8. Statutes—Title of Act—Constitutional Law—Statement of
Object.

> The purpose of the requirement in the Constitution that no law
> shall embrace more than one object which shall be expressed
> in its title is fully accomplished when the law has but one
> general object, which is fairly indicated by its title (Const
> 1908, art 5, § 21).

9. Same—Constitutional Law—Statement of Object in Title of
Act.

> The requirement of the Constitution that no law shall embrace
> more than one object which shall be expressed in its title is
> met, where the act centers to one main general object or
> purpose which the title comprehensively declares, though in
> general terms, and provisions in the body of the act not di-
> rectly mentioned in the title are germane, auxiliary, or in-
> cidental to that general purpose (Const 1908, art 5, § 21).

10. Intoxicating Liquors—Title of Act—Bottle Clubs.

> Section of statute prohibiting so-called bottle clubs, unlicensed
> premises whereon persons could store and drink alcoholic liq-
> uors for a consideration, was within scope of title of liquor
> control act to which the section was added (Const 1908, art 5,
> § 21; art 16, § 11, as amended in 1932; PA 1933 [Ex Sess],
> No 8, § 26c, as added by PA 1949, No 295).

11. SAME—STATUTES—OBJECT OF LIQUOR CONTROL ACT.

The object of the liquor control act, as indicated in its title, is the regulation and control of the liquor traffic (PA 1933 [Ex Sess], No 8, as amended).

12. SAME—BOTTLE-CLUB AMENDMENT—EXEMPTION OF HOTELS.

Exemption of hotels from restrictive provisions of so-called bottle-club amendment to the liquor control act did not constitute a denial of the equal protection of the laws to owners of unlicensed premises used for the purpose of storing and drinking intoxicating liquor for a consideration, since it must be assumed that the legislature did not deem such restrictions necessary or practicable insofar as hotels were concerned (PA 1933 [Ex Sess], No 8, § 26c, as added by PA 1945, No 295).

13. STATUTES—VALIDITY PRESUMED.

Every reasonable intendment must be resolved in favor of the validity of the action of the legislature.

14. SAME—CLAIM OF INVALIDITY—BURDEN OF PROOF.

The burden of proof is on the party attacking the validity of a statute to establish his claim of invalidity.

15. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICATION.

Classification need not be made to operate with mathematical nicety, and is not invalid because in practice it results in some inequality (US Const, am 14; Mich Const 1908, art 2, § 1).

16. SAME—DUE PROCESS—EQUAL PROTECTION—PROHIBITION OF BOTTLE CLUBS.

Owners and operators of unlicensed premises on which other persons were permitted to store and consume alcoholic beverages for a consideration were not deprived of property rights or denied equal protection of the laws in violation of the Constitutions by reason of so-called bottle-club amendment to the liquor control act making it unlawful to maintain such places (US Const, am 14; Mich Const 1908, art 16, § 11, as amended in 1932; PA 1933 [Ex Sess], No 8, § 26c, as added by PA 1949, No 295).

17. SAME—CHANGE OF PURPOSE DURING COURSE OF ENACTMENT.

The purpose of a bill to amend the liquor control act was not changed during the course of its passage by the legislature through the addition of a section prohibiting so-called bottle clubs, unlicensed premises where intoxicating liquor could be stored and consumed for a consideration, since the purpose of both the amendatory and amended acts was the proper control of the liquor traffic in the manner authorized and con-

templated by the Constitution (Const 1908, art 5, § 22; art 16, § 11, as amended in 1932; PA 1933 [Ex Sess], No 8, as amended by PA 1949, No 295).

18. COSTS—CONSTRUCTION OF STATUTE.

No costs are allowed in suit to enjoin enforcement of provision added to liquor control act prohibiting maintenance of so-called bottle clubs, the validity of a statute being involved (PA 1933 [Ex Sess], No 8, § 26c, as added by PA 1949, No 295).

Appeal from Kalamazoo; McDonald (Archie D.), J., presiding. Submitted January 10, 1952. (Docket No. 31, Calendar No. 45,261.) Decided March 6, 1952. Appeal dismissed by Supreme Court of the United States June 9, 1952.

Bill by the Beacon Club, a corporation, and others against Otto K. Buder, Kalamazoo County Sheriff, and others to restrain enforcement of PA 1933 (Ex Sess), No 8, § 26c, as added by PA 1949, No 295. Bill dismissed. Plaintiffs appeal. Affirmed.

*James B. Stanley,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Franklin J. Rauner,* Assistants Attorney General, and *John Pikkaart,* Prosecuting Attorney, for defendants.

CARR, J. The question at issue in this case is the constitutionality of section 26c of the Michigan liquor control act,[*] which section was added by PA 1949, No 295 (CL 1948, § 436.26c [Stat Ann 1949 Cum Supp § 18.997(3)]). As first introduced, the legislative measure (House Bill 405) provided for the amendment of certain designated sections, none of which requires discussion in the present controversy.

[*] PA 1933 (Ex Sess), No 8, as amended (CL 1948, § 436.1 *et seq.,* as amended [Stat Ann and Stat Ann 1949 Cum Supp § 18.971 *et seq.*]).

When the bill reached the senate it was amended by adding the section indicated, which reads as follows:

"No person shall maintain, operate, lease or otherwise furnish to other persons any premises or place which is not licensed under this act, wherein such other persons may engage in the drinking of alcoholic beverages, for a fee or for any other consideration, including the sale of food, mixers, ice or other fluids used with alcoholic drinks or the storage of alcoholic liquors: Provided, That the provisions of this section shall not apply to any hotel nor to any licensee under the provisions of this act: Provided, further, That the provisions of this section shall not be construed to repeal or amend the provisions of section 26b of this act."

The title of the bill was changed to include reference to the added section, the house of representatives concurred in the action, and the bill was ordered enrolled for presentation to the governor for his approval or disapproval. Due to an oversight the title was not correctly printed, reference to the added section being omitted. Within the time limited by article 5, § 36, of the State Constitution, the governor returned the measure to the house of representatives with a message indicating that he had not signed it because of doubts as to the constitutionality of the added section. Thereupon the clerk of the house examined the legislative records and discovered the error that had been made in the printing of the enrolled act. As a result the measure was printed in accordance with the legislative action and was returned to the governor, who signed it and transmitted it to the secretary of State. Such final action was presumably taken on the assumption that the submission of an incorrect copy of the measure passed by the legislature was a mere nullity.

The purpose of section 26c is not questioned. It is directed at the operations of so-called "bottle

clubs," and, while not a direct inhibition on the consumption of alcoholic liquor, is designed to restrict the furnishing of premises for hire whereon such beverages are stored or consumed. In accordance with such purpose, the sale of food and of fluids designed to be used with alcoholic drinks on such premises was included in the inhibition.

The corporate plaintiffs are duly organized under the laws of this State and have offices in Kalamazoo county. It is conceded that they maintain, operate, and furnish rooms wherein their members may engage in drinking alcoholic beverages. The individual plaintiffs named own the lands upon which the clubs operate, and are also members and officers thereof. None of the plaintiffs is licensed under the Michigan liquor control act. Operations are conducted in the manner expressly forbidden by section 26c above quoted. The defendant Buder is the sheriff of Kalamazoo county and as such is charged with enforcing the valid provisions of the liquor control act. The defendant commission is an agency of the State, invested, under the statute and the Constitution (article 16, § 11, as amended at the general November election in 1932), with "control of the alcoholic beverage traffic."

Claiming that their rights will be substantially infringed by the enforcement of the section of the statute in question, plaintiffs instituted suit in equity in the circuit court to restrain defendants from taking action against them, asserting as the basis for the suit the invalidity of said section. Defendants filed their respective answers to the bill of complaint, denying the various claims advanced by plaintiffs in support of their alleged right to relief, and the case was submitted to the trial court on an agreed statement of facts. The result was the entry of a decree denying the relief sought and dismissing the bill of complaint. Plaintiffs have appealed.

On behalf of appellants it is argued that the action of the governor in returning to the house of representatives, with veto message attached, the first draft of the enrolled act as submitted to him was final, and that the approval of the corrected enrolled act violated article 5, § 36, of the State Constitution. It is insisted, in effect, that the omission of the reference in the title to the added section was a mere clerical error. Attention is directed to decisions involving mistakes of such character, of which *Board of Control of the Michigan State Prison* v. *Auditor General,* 149 Mich 386, is typical. There the mistake in the enrolled act, as signed by the speaker of the house, the president of the senate, and the governor, consisted in the omission of the word "thousand" from the body of the act, which was an appropriation measure. However, the provisions of the enrolled act as printed and signed were such as to leave no doubt as to the intention of the legislature, nor was the validity of any provision affected. In commenting on the situation, it was said:

"It is a clerical error which corrects itself and leaves nothing doubtful. Such clerical errors will not be permitted to defeat the plain intent of the legislature."

The situation in the case at bar is not analogous. The inclusion of the reference to the added section in the title of the measure here involved was essential to its validity. Its omission in the original draft of the enrolled act was more than a mere clerical error. We think it may be assumed that the legislature considered the section in question as a material part of the bill. As a result of the error in printing, the enrolled act submitted to the governor differed materially *in substance* from the draft of the measure as passed by the legislature. On discovering the mistake that had been made the clerk of the house

of representatives acted properly in causing to be printed and submitted a corrected enrolled act. In doing so he merely performed the duty resting on him by virtue of his official position. As a result the measure was submitted to the governor in proper form, and was duly approved. The prior attempted submission was under the circumstances a mere nullity. The action of the legislature may not be invalidated on the basis of an error that was subsequently, and properly, corrected.

Appellants further contend that section 26c violates certain provisions of the State and Federal Constitutions and should, in consequence, be decreed invalid. Reliance is placed on article 5, § 21, of the State Constitution, which contains the following provision:

"No law shall embrace more than 1 object, which shall be expressed in its title."

The title of the Michigan liquor control act, above cited, is as follows:

"An act to create a liquor control commission for the control of the alcoholic beverage traffic within the State of Michigan, and to prescribe its powers, duties and limitations; to provide for the control of the alcoholic liquor traffic within the State of Michigan and the establishment of State liquor stores; to provide for the incorporation of farmer cooperative wineries and the granting of certain rights and privileges thereto; to provide for the licensing and taxation thereof, and the disposition of the moneys received under this act; to provide for the enforcement and to prescribe penalties for violations of this act; to provide for the confiscation and disposition of property seized under the provisions of this act; to provide a referendum in certain cases; and to repeal certain acts and parts of acts, general, local and special, and certain ordinances and parts of ordinances."

The act was adopted in accordance with the State Constitution, article 16, § 11, as amended at the general election in 1932, which reads as follows:

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof; and the legislature may also provide for an excise tax on such sales: Providing, however, that neither the legislature nor such commission may authorize the manufacture or sale of alcoholic beverages in any county in which the electors thereof, by a majority vote, shall prohibit the same."

The statute was obviously designed to put into practical effect the will of the people of the State as expressed in the amendment to the Constitution. The title is sufficiently broad to permit the accomplishment of that purpose. Whatever might have been incorporated into the original act under such title may be added thereto by way of amendment. *Surtman* v. *Secretary of State,* 309 Mich 270. Appellants' argument rests on the theory that section 26c is prohibitory in character, that the title indicates that the object of the measure is to provide for the regulation and control of the liquor traffic, that prohibition is not included in the terms used, and that the inclusion of said section in the liquor control act is in effect an attempt to declare 2 objects to be attained thereby.

Attention is directed to *People* v. *Gadway,* 61 Mich 285 (1 Am St Rep 578), which involved an attempt of the legislature to amend an act providing in its title for the regulation of the sale of liquors by prohibiting such sales within a radius of 2 miles from the grounds of the Michigan Military Academy near Orchard Lake. Apparently by oversight, the premises of the academy were not included within

the area affected. However, the prohibition was absolute as to the territory described. It was held that the purpose of such amendment was not embraced within the title and that, in consequence, such amendment was void. Likewise, in *In the Matter of Charles Hauck,* 70 Mich 396, it was held that provisions for the adoption of prohibition by counties were invalid under a title providing merely for the regulation of the manufacture and sale of liquors. *People* v. *Gadway, supra,* was cited in support of the proposition that regulation does not include prohibition.

The cases relied on by appellants are not controlling in the case at bar. We are not concerned with legislative action prohibiting the liquor traffic in any particular area of the State, or authorizing such action under local option. Section 26c was obviously not designed to establish prohibition in any part of the State. Its purpose was, as the language used clearly indicates, to regulate the use of intoxicating liquors. To that end the furnishing of premises not licensed under the act where liquor may be consumed and the sale of food and other articles to promote drinking thereon were forbidden. The inhibition was not directed in terms against the traffic in liquor or the use thereof, but rather against the owners and operators of unlicensed premises. The regulation imposed is analogous to other provisions of the liquor control act relating to the granting of licenses for locations within a certain distance from churches or school buildings, forbidding sales to minors, and imposing restraints on the furnishing of alcoholic liquor on Sundays and election days and on drinking on public highways and in certain other public places. The title of the statute provides for "the control of the alcoholic beverage traffic within the State." Such provision is sufficiently broad in scope to cover the enactment here in ques-

tion. It is consistent with the broad language used in the amendment to the Constitution pursuant to which the control act was passed by the legislature.

In *People* v. *Japinga*, 115 Mich 222, the defendant was convicted of violating a statute forbidding a minor to remain in a place where intoxicating liquors were sold. The title of the act in which such provision was contained related to the taxation and regulation of the business of manufacturing and selling intoxicating liquors (PA 1887, No 313). It was claimed that the section on which the prosecution was based was prohibitory in character and not within the scope of the title. In rejecting such contention, it was said:

"It might be said with equal force that any regulation of the traffic involves, of necessity, a prohibition of conducting the business in defiance of the regulations."

In *People* v. *Wheeler*, 185 Mich 164, the title of the act referred to the regulation of the liquor traffic and also to prohibition thereof in certain cases. It was claimed that the act, as indicated by the title, embraced more than one object, and reliance was placed on *People* v. *Gadway*, *supra*, in support of the claim that regulation and prohibition are not synonymous terms. In discussing the matter, it was said:

"But in our opinion the title of the act in question shows that the act is aimed at but one subject, *viz.*, intoxicating liquor, and provides for the regulation of the sale thereof and the prohibition of the sale under certain conditions. All of which is clearly expressed in the title. Justice COOLEY, in *People, ex rel. Drake,* v. *Mahaney,* 13 Mich 481, 495, in speaking of the constitutional provision which declares that 'no law shall embrace more than one object, which shall be expressed in its title' (section

20, art 4, Constitution of 1850, and section 21, art 5, Constitution of 1908), said:

" 'But this purpose is fully accomplished when the law has but one general object, which is fairly indicated by its title. To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone, would not only be senseless, but would actually render legislation impossible.' "

The Court also quoted with approval from *Flower* v. *Witkovsky*, 69 Mich 371, where it was said:

"The main purpose of the act is to regulate and prohibit the sale of liquors, to provide when it shall be lawful and when it shall be unlawful, and what remedies may be resorted to in cases of unlawful selling and injuries resulting from such unlawful sales.

"These things all belong to one primary object, which is the distinguishing of lawful from unlawful sales under the law, and providing penalties and remedies against unlawful sales, and the natural consequences resulting therefrom."

The meaning and scope of article 5, § 21, of the Constitution were considered in *Loomis* v. *Rogers*, 197 Mich 265, where the conclusion reached was indicated in the following language:

"The claim of defective title is based on the familiar provision in section 21, art 5, of our Constitution that no law shall embrace more than one object, which shall be expressed in its title. This provision has proved a tempting source of attack on the validity of statutes with which parties are dissatisfied, for few laws of any length are enacted where the objection cannot be plausibly urged as to details and auxiliary provisions incidental to the main purpose of the legislation appearing in the body of the act and not itemized in the title. The Covert act embraces 75 sections, authorizing, out-

lining, and providing the means and legal machinery for an intended additional method of constructing and improving highways. An abridgment of all those sections is not essential to a sufficient title. While it contains various related provisions not directly indicated or enumerated in the title, under the construction of this constitutional requirement, as many times reviewed by this Court, if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met."

In *Seifert* v. *Buhl Optical Co.*, 276 Mich 692, the body of the act contained a provision forbidding certain forms of advertising. The title indicated the general purpose to provide for the "examination, regulation, licensing and registration of optometrists." In holding that such title was sufficient, it was said:

"It is claimed that this title does not give notice of a prohibition against certain types of advertising by a corporation engaged in optometrical work. While the title may be somewhat inartistically drawn, it is not inarticulate. It does call attention to the regulation of the practice of optometry and for the punishment of offenders against the act. We believe it stands the tests set forth in previous cases. *Pratt Food Co.* v. *Bird*, 148 Mich 631 (118 Am St Rep 601); *People* v. *Wohlford*, 226 Mich 166; *People* v. *Carroll*, 274 Mich 451."

See, also, *People* v. *Brooks*, 101 Mich 98; *Osborn* v. *Charlevoix Circuit Judge*, 114 Mich 655; *People* v. *Dornbos*, 127 Mich 136; *Sisson* v. *Lampert*, 159 Mich 509; *Kull* v. *Michigan State Apple Commission*, 296 Mich 262. It is our conclusion that section 26c of the liquor control act is within the scope of

the title, and that such act does not have more than one object, which is, as clearly indicated, the regulation and control of the liquor traffic.

It will be noted that the section in question, above set forth, expressly excludes hotels from its operation. Appellants claim that such exclusion renders the statute discriminatory and amounts to a denial of the equal protection of the laws, in violation of article 2, § 1, of the State Constitution, and of the 14th Amendment to the Federal Constitution. An analogous question was raised in *People* v. *Japinga, supra,* and determined adversely to the contention. Every reasonable intendment must be resolved in favor of the validity of the action of the legislature. It must be assumed that as a result of its consideration of the subject matter that body reached the conclusion that the restrictive provisions of section 26c were not necessary or practicable, insofar as hotels were concerned.

The burden of proof is on the appellants to establish their claim of invalidity. As held in *Naudzius* v. *Lahr,* 253 Mich 216 (74 ALR 1189, 30 NCCA 179):

"Classification need not be made to operate with mathematical nicety, and is not invalid because in practice it results in some inequality." (Syllabus 10.)

Appellants direct attention to *Cook Coffee Co.* v. *Village of Flushing,* 267 Mich 131, and *Colonial Baking Co.* v. *City of Fremont,* 296 Mich 185, in which discriminations based on residence were held invalid. We do not think that such decisions are in point in the instant controversy. Under the broad powers of the legislature with reference to the subject matter, it cannot be said that the section of the statute here involved operates to deprive the appellants of their property rights, or denies to them the equal protection of the laws, in violation of the

constitutional provisions invoked. *Fitzpatrick v. Liquor Control Commission,* 316 Mich 83 (172 ALR 608).

Appellants' claim, that the restrictions on their operation are unreasonable and, hence, not a proper exercise of police power, has been sufficiently covered in the foregoing discussion. See, also, *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich 659; *Case* v. *Liquor Control Commission,* 314 Mich 632. The further contention that the addition of the proposed new section to House Bill 405 resulted in changing the original purpose of the measure, in violation of article 5, § 22, of the State Constitution, is without merit. The purpose of the amendatory act, as well as of the statute amended, was the proper control of the liquor traffic in the manner authorized and contemplated by the Constitution of the State. Incidental questions suggested do not require discussion.

The decree of the trial court is affirmed. The validity of a legislative enactment of the State being involved, no costs are allowed.

North, C. J., and Dethmers, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.