## MORACO v WAYNE COUNTY PROSECUTOR

Docket No. 46291. Submitted March 11, 1980, at Detroit.—Decided June 17, 1980.

Charles Moraco initiated a declaratory judgment action in Wayne Circuit Court for a declaration that his practice of allowing patrons of his restaurant, which did not have a liquor control commission license of any class, to bring into and consume on his premises their own wine, along with food supplied by the restaurant, fell outside the parameters of the "bottle club act". Both Mr. Moraco and the Wayne County Prosecutor stipulated to a statement of facts, and both proceeded on motions for summary judgment. The prosecutor's motion was granted, William J. Giovan, J., the court holding that there was no material issue of fact and Mr. Moraco's activities violated provisions of the act. Mr. Moraco appeals. *Held:*

The "bottle club act" prohibits the sale of food to *promote* drinking. Mr. Moraco's activity does not fall within the provisions of the act since the consideration which he receives is for the meals sold and is unrelated to consumption of wine on the premises.

Reversed.

1. INTOXICATING LIQUORS — RESTAURANTS — CONSIDERATION — LICENSING — SALES.

   A restaurant owner not licensed to sell liquor does not, by the sale of food alone, receive consideration for furnishing patrons with a place to consume alcohol, where no extra money passes to the owner in relation to such consumption.

2. INTOXICATING LIQUORS — BOTTLE CLUB ACT — LICENSING — PROMOTING CONSUMPTION — STATUTES.

   The furnishing of unlicensed premises for the consumption of liquor where food, fluids or other articles to promote such

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 45 Am Jur 2d, Intoxicating Liquors §§ 131, 257.
[4] 45 Am Jur 2d, Intoxicating Liquors §§ 22-24.
[5] 73 Am Jur 2d, Statutes §§ 300, 301.

consumption are sold is prohibited by the "bottle club act" (MCL 436.26[c]; MSA 18.997[3]).

3. INTOXICATING LIQUORS — RESTAURANTS — LICENSING — PATRONS — PROMOTING CONSUMPTION.
   A restaurant owner who permits patrons to bring a bottle of wine into an unlicensed restaurant does not promote drinking.

4. INTOXICATING LIQUORS — MICHIGAN LIQUOR CONTROL ACT — REGULATION — SALES.
   The Michigan Liquor Control Act provides for the regulation and sale or the prohibition of the sale of intoxicating liquor (MCL 436.1 *et seq.;* MSA 18.971 *et seq.).*

5. STATUTES — PENAL STATUTES — STRICT CONSTRUCTION — INTERPRETATION — PURPOSE.
   A penal statute is to be strictly construed; interpretation is to be done in light of the end purpose of the law and the evil sought to be corrected.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by *James A. Callahan),* for plaintiff.

*Frank J. Bernacki,* Assistant Prosecuting Attorney, for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

V. J. BRENNAN, J. This case was initiated in Wayne County Circuit Court as a declaratory judgment action to determine whether plaintiff's activities fall within the parameters of MCL 436.26(c); MSA 18.997(3). Both parties agreed to a stipulated statement of facts which established that plaintiff is the owner of a French restaurant which does not have a liquor control commission license of any class. Plaintiff, however, allows his restaurant patrons to bring upon the premises wine which they consume from plaintiff's glasses. The parties proceeded on motions for summary judgment. The lower court granted defendant's motion for sum-

mary judgment, holding that there was no material issue of fact and that plaintiff's activities did violate MCL 436.26(c); MSA 18.997(3). Plaintiff appeals as of right from this ruling.

As the parties submitted a stipulated statement of facts, no genuine issue of material fact exists. Accordingly, the question before us is one of first impression and can be framed as follows: Did the lower court err in determining that plaintiff's actions violated the statute as a matter of law?

The relevant portion of MCL 436.26(c); MSA 18.997(3) provides in pertinent part as follows:

"No person shall maintain, operate, lease or otherwise furnish to other persons any premises or place which is not licensed under this act, wherein such other persons may engage in the drinking of alcoholic beverages, for a fee or for any other consideration, including the sale of food, mixers, ice or other fluids used with alcoholic drinks or the storage of alcoholic liquors: * * *."

The plaintiff argues that the above statute, generally known as the "bottle club act", is to restrict such clubs. Since plaintiff's restaurant is clearly not such a club, the statute is inapplicable.

The Liquor Control Act was enacted to control trafficking in alcoholic beverages. Defendant contends that since plaintiff's patrons enter his unlicensed restaurant and are allowed to engage in the drinking of alcohol for the consideration of the sale of food, plaintiff falls squarely within the statute.

Initially we consider whether, by the sale of food, plaintiff has received consideration for furnishing patrons with a place to consume alcohol. Black's Law Dictionary (4th ed) defines consideration as follows:

"The inducement to a contract. The cause, motive, price, or impelling influence which induces a contracting party to enter into a contract. The reason or material cause of a contract. 2 Bla Comm 443; *Cassinelli v Stacy,* 238 Ky 827; 38 SW2d 980, 983.

\* \* \*

"An act or forbearance, or the promise therefore, which is offered by one party to an agreement, and accepted by the other as an inducement to that other's act or promise. Poll Contr 91."

All dinners at plaintiff's restaurant are $16.50, regardless of whether or not a customer brings a bottle of wine. No extra money passes to plaintiff because a customer in fact brings wine. There are no bottle-opening, set-up, or other fees charged. Applying the above general definitions to these facts, we do not find that plaintiff's activity falls within the statute, since the consideration which plaintiff receives is for the meals sold and is unrelated to the consumption of wine on the premises.

Plaintiff's argument that the purpose of MCL 436.26(c) is to restrict the establishment of "bottle clubs", which his restaurant clearly is not, is also persuasive. The only case in which this section of the Liquor Control Act was construed is *Beacon Club v Kalamazoo County Sheriff,* 332 Mich 412, 416-417; 52 NW2d 165 (1952),[1] wherein the Court determined the constitutionality of this section. The Court speaking through Justice CARR stated:

[1] In *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319; 266 NW2d 808 (1978), the Michigan License Beverage Association brought an action against Behnan Hall to permanently enjoin them from renting the premises to others for the consumption of alcoholic beverages and from further providing the food, bartenders, and assorted nonalcoholic beverages to be used with liquor on the rented premises. The Court determined that plaintiff lacked standing and consequently did not go on to determine whether defendant's activity was in violation of MCL 436.26(c).

"The purpose of Section 26c is not questioned. It is directed at the operations of so-called 'bottle clubs,' and, while not a direct inhibition on the consumption of alcoholic liquor, is designed to restrict the furnishing of premises for hire whereon such beverages are stored or consumed. In accordance with such purpose, the sale of food and of fluids designed to be used with alcoholic drinks on such premises was included in the inhibition."

Later on in *Beacon,* the Court stated:

"Its purpose was, as the language used clearly indicates, to regulate the use of intoxicating liquors. To that end the furnishing of premises not licensed under the act where liquor may be consumed and the sale of food and other articles to *promote* drinking thereon were forbidden." *Id.,* 421. (Emphasis added.)

"Bottle club" is defined in Webster's New Collegiate Dictionary (1st ed, 1974), as a "private establishment at which patrons are served alcoholic drinks after normal legal closing hours from supplies they have previously purchased or reserved". There is no question that plaintiff's restaurant is not a bottle club. Although defendant draws our attention to the fact that § 26(c) and *Beacon Club* both refer to the sale of food, this phrase cannot be taken out of context. It is the sale of food to promote drinking, or as consideration, which the statute prohibits. Permitting patrons to bring a bottle of wine to an unlicensed restaurant does not, in our opinion, *promote* drinking.

Defendant points out that the liquor control commission has statutory power to regulate liquor traffic through licensing, in order to control trafficking in alcoholic beverages. Therefore § 26(c) applies to plaintiff, since plaintiff was trafficking in alcoholic beverages. We disagree. In *People v*

*Wheeler,* 185 Mich 164, 170; 151 NW 710 (1915), the Court, discussing whether the act, as indicated by its title, embraced more than one object, stated: "[b]ut in our opinion the title of the act in question shows that the act is aimed at but one subject, *viz.,* intoxicating liquor, and provides for the regulation of the *sale* thereof and the prohibition of the *sale* under certain conditions." (Emphasis added.) And in *Flower v Witkovsky,* 69 Mich 371, 375; 37 NW 364 (1888), it was stated that "[t]he main purpose of the act is to regulate and prohibit the *sale* of liquors, * * *". (Emphasis added.) Plaintiff does not sell alcoholic beverages.

Since MCL 436.26(c) is a penal statute, it is to be strictly construed. *Magid v Oak Park Racquet Club Associates, Ltd,* 84 Mich App 522, 528; 269 NW2d 661 (1978). *People v Buford,* 69 Mich App 27; 244 NW2d 351 (1976). *Jads, Inc v Detroit,* 41 Mich App 693; 200 NW2d 715 (1972). The rule of strict construction does not mean courts must reject the best meaning of the words used. However, interpretation should be done in light of the end purpose of the law and the evil sought to be corrected. *People v Hall,* 391 Mich 175, 189-190; 215 NW2d 166 (1974). *Hightower v Detroit Edison Co,* 262 Mich 1; 247 NW 97; 86 ALR 509 (1933). Guided by the Supreme Court's finding that the purpose of § 26(c) is to prohibit bottle clubs, *Beacon Club, supra,* we decline to find that plaintiff's operation of his restaurant is prohibited by § 26(c). Had the Legislature wished to prohibit plaintiff's acitivity it could have explicitly done so.

Reversed.