GARDNER v WOOD

Docket No. 83985. Submitted January 7, 1986, at Detroit.—Decided February 12, 1986. Leave to appeal granted, 425 Mich 871.

   Plaintiff, Doris Gardner, as the personal representative of the estate of Freddie D. Mongeau, deceased, and six other persons who are the decedent's next of kin, filed suit against defendants Willis D. Wood, Jr., and Oak Management Company, doing business as E. A. Fuller Oaks Corporation in Oakland Circuit Court. Plaintiff alleged that the decedent sustained injuries resulting in his death following an automobile accident wherein defendant Wood, after leaving a wedding reception at a banquet facility managed by defendant E. A. Fuller Oaks Corporation (herein referred to as defendant), crossed the centerline of a road and struck the decedent. Plaintiff further alleged that defendant negligently served alcoholic beverages to Wood and that defendant, as an operator of a commercial establishment selling food without a liquor license, violated provisions of the Liquor Control Act by allowing the consumption of alcoholic liquor on its premises. MCL 436.26c(2). The circuit court, David F. Breck, J., denied defendant's motion for summary judgment on the basis of plaintiff's failure to state a claim upon which relief could be granted. The Court of Appeals denied defen-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 233, 464, 561 et seq.

Am Jur 2d, Pleading §§ 71 et seq., 226, 230 et seq.

Common-law right of action for damage sustained by plaintiff in the consequence of sale or gift of intoxicating liquor or habit-forming drug to another. 97 ALR3d 528.

Civil damage act: liability of one who furnishes liquor to another for consumption by third parties, for injury caused by consumer. 64 ALR3d 922.

Proof of causation of intoxication as a prerequiste to recovery under civil damage act. 64 ALR3d 882.

Contributory negligence allegedly contributing to cause of injury as defense in civil damage act proceeding. 64 ALR3d 849.

Liability, under Dramshop Acts, of one who sells or furnishes liquor otherwise than in operation of regularly established liquor business. 8 ALR3d 1412.

See also the annotations in the ALR3d/4th Quick Index under Civil Damage Act.

dant's application for leave to appeal from the circuit court order denying summary judgment, but on application for leave to appeal to the Supreme Court, that Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 422 Mich 851 (1985). *Held:*

1. A motion for summary judgment for failure to state a claim upon which relief may be granted tests the legal sufficiency of the claim based upon the pleadings alone. The factual allegations of the complaint are to be taken as true, along with any inferences or conclusions that can be drawn therefrom. Summary judgment should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

2. Under the facts as alleged by plaintiff, it is clear that MCL 436.26c(2) applies to defendant and that defendant violated this statute.

3. Application of MCL 436.26c(2) is not restricted to the regulation of licensees. The statute indicates that any person who owns, operates, or leases a commercial establishment selling food can violate its terms and be guilty of a misdemeanor under MCL 436.50, which provides that any person other than a licensee who violates any provision of the Liquor Control Act is guilty of a misdemeanor.

4. A violation of MCL 436.26c creates a prima facie rebuttable presumption of negligence.

5. The circuit court properly determined that plaintiff can maintain a cause of action based on defendant's violation of MCL 436.26c, in denying plaintiff's motion for summary judgment. However, plaintiff must still establish before a trier of fact that defendant's violation was a proximate cause of the decedent's death.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon which relief may be granted tests the legal sufficiency of the claim based upon the pleadings alone; the factual allegations of the complaint are to be taken as true, along with any inferences that can be drawn therefrom; summary judgment should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

2. INTOXICATING LIQUORS — LIQUOR CONTROL ACT — UNLICENSED COMMERCIAL ESTABLISHMENTS.

Under a section of the Liquor Control Act, a person owning,

operating, or leasing a commercial establishment selling food which is not licensed under the act shall not allow the consumption of alcoholic liquor on the premises; a violation of this statute constitutes a misdemeanor (MCL 436.26c[2]; 436.50; MSA 18.997[3][2], 18.1021).

3. NEGLIGENCE — INTOXICATING LIQUORS — LIQUOR CONTROL ACT — UNLICENSED COMMERCIAL ESTABLISHMENTS.

A person owning, operating or leasing a commercial establishment selling food, who is not licensed under the Liquor Control Act but who allows the consumption of alcoholic liquor on the premises in violation of the act, may be held prima facie negligent in an action by a plaintiff injured by a person who consumed alcoholic liquor at the commercial establishment (MCL 436.26c[2]; MSA 18.997[3][2]).

*James C. Thomas,* for plaintiffs.

*Tyler & Thayer, P.C.* (by *David M. Tyler* and *Michael J. Walter),* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. On March 8, 1983, plaintiff, Doris Gardner as the personal representative of the estate of Freddie D. Mongeau, deceased, and six other persons who are decedent's next of kin, brought a wrongful death action for damages against defendants, E. A. Fuller Oaks Corporation, a Michigan corporation (hereafter referred to as defendant) claiming that defendant negligently served intoxicating liquors to another defendant, Willis Dalvin Wood, Jr., and that defendant's negligence caused the death of the decedent, Freddie David Mongeau. Plaintiff specified that she was not pursuing a claim against defendant under the dramshop act.[1] On January 13, 1984, defendant moved for summary judgment under GCR 1963,

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 436.22; MSA 18.993.

117.2(1), now MCR 2.116(C)(8), asserting that plaintiff had failed to state a claim upon which relief could be granted. The trial judge denied defendant's motion for summary judgment. This Court denied defendant's application for leave to appeal from the trial judge's order, but on petition for leave to appeal, the Michigan Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted.[2]

Plaintiff's complaint alleged that defendant was the management agent for the Addison-Oaks Banquet facility on June 6, 1982.[3] Pursuant to a wedding reception contract, defendant provided the meals and beverage service at a reception held on June 6, 1982. Bar service included set-up, napkins, condiments and soft drinks. The wedding party was allowed to supply their own alcoholic beverages for consumption on defendant's premises. Defendant's employees acted as bartenders at the reception. Neither defendant nor the owner of the premises (Oakland County) held a liquor license.

Willis Dalvin Wood, Jr., who was a guest at the wedding reception, was allegedly served alcoholic beverages by defendant's employees while visibly intoxicated. Wood left the reception in his automobile and, while in his intoxicated condition, crossed the center line of the road and struck plaintiff's decedent, Freddie David Mongeau, who died as a result of the injuries sustained in the accident.

Plaintiff alleges that defendant negligently served alcoholic beverages to Wood and that defendant's negligent conduct was the direct and proximate cause of Mongeau's death. Plaintiff bases her claim of negligence on defendant's alleged violation of a statute, MCL 436.26c(2); MSA 18.997(3)(2),

---

[2] 422 Mich 851 (1985).

[3] Addison Oaks is an Oakland County owned park located in Addison Township.

which will be further referred to. In denying defendant's motion for summary judgment, the trial judge held that plaintiff had stated a valid cause of action.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal sufficiency of the claim based upon the pleadings alone. The factual allegations of the complaint are to be taken as true, along with any inferences or conclusions that can be drawn therefrom. Summary judgment under this section should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.[4]

On appeal, defendant first argues that MCL 436.26c(2); MSA 18.997(3)(2) does not apply to its operations as a management agent. In making this argument, defendant relies upon court decisions which interpreted the statute prior to its revision in 1980. Before the 1980 revision, the statute provided in pertinent part:

"*No person* shall maintain, operate, lease or otherwise furnish to other persons *any premises* or place which is not licensed under this act, wherein such other persons may engage in the drinking of alcoholic beverages, for a fee or for any other consideration, * * *." (Emphasis added.)

In *Beacon Club v Kalamazoo County Sheriff*,[5] the Michigan Supreme Court found that the primary purpose of this statute was to regulate the use of intoxicating liquors by forbidding "persons" from furnishing to "bottle clubs" premises not licensed under the act. Following the *Beacon Club* interpretation, this Court, in *Moraco v Wayne*

---

[4] *Attard v Adamczyk*, 141 Mich App 246, 248-249; 367 NW2d 75 (1985).

[5] 332 Mich 412; 52 NW2d 165 (1952).

*County Prosecutor,*[6] strictly construed this previous statute as applying only to "persons" who provided "premises" to "bottle clubs", not to a restaurant which sold food and permitted customers to bring alcoholic beverages onto the premises. The reason for this narrow construction was that the statute was a penal statute and, thus, the term "persons" who furnish "any premises" was held to be too broad to interpret literally.

After the *Moraco* decision, an amendment to the statute became effective on July 2, 1980. After the amendment, the statute read in pertinent part:

"A person owning, operating, or leasing a commercial establishment selling food which is not licensed under this act shall not allow the consumption of alcoholic liquor on its premises." MCL 436.26c(2); MSA 18.997(3)(2).

This added provision is much more specific in that it covers only "persons owning, operation, or leasing a commercial establishment selling food". This statutory provision is unambiguous on its face and certainly covers more persons than just those who provide premises to "bottle clubs". In addition, the term "person" in this statute is not limited by the definition given the term "person" for purposes of MCL 436.22; MSA 18.993 in *Guitar v Bieniek.*[7] The *Guitar* definition of "person" did not apply to the term "person" in MCL 436.26c(2); MSA 18.997(3)(2) and does not prevent us from ascribing a broader interpretation to the term "person" as the context of the statutory provision requires.[8]

Under the facts as alleged by plaintiff in this

---

[6] 98 Mich App 322; 296 NW2d 246 (1980).

[7] 402 Mich 152; 262 NW2d 9 (1978).

[8] *Longstreth v Gensel,* 423 Mich 675, 683; fn 3; 377 NW2d 804 (1986).

case, it is clear that MCL 436.26c(2); MSA
18.997(3)(2) now applies to defendant and that
defendant violated this statute. Defendant corpora-
tion is a "person" for purposes of this statute.[9] As
previously indicated, the Addison Oaks Banquet
facility is a commercial establishment selling food
(the meals at the reception). Defendant is the
management agent of this commercial establish-
ment selling food and, thus, "operates" the estab-
lishment. The establishment is not licensed under
the Liquor Control Act.[10]

Next, defendant argues that even if it violated
the statute, plaintiff cannot assert this violation as
a basis for a negligence action. Defendant claims
that the sole civil remedy under the Liquor Con-
trol Act lies in the dramshop section.[11] The Michi-
gan Supreme Court recently resolved this issue in
*Longstreth v Gensel*,[12] noting that the Liquor Con-
trol Act does not apply only to licensees:

"[F]rom the very inception of the act to the present,
the people intended the Liquor Control Commission to
exercise *complete* control of the alcoholic beverage
traffic within this state, *including* (and by implication,
not limited to) its retail sale. The title of the act has
been given a broad interpretation to effectuate the will
of the people. See *Beacon Club v Kalamazoo County
Sheriff*, 332 Mich 412, 420; 52 NW2d 165 (1952). The act
does more than merely regulate liquor traffic; it in-
volves the public health, safety, and morals. *Turner v
Schmidt Brewery Co.*, 278 Mich 464, 469; 270 NW 750
(1936). Therefore, the act was not intended to apply
only to licensees. It was intended to govern the entire
regulation of liquor within Michigan."

The *Longstreth* Court then went on to specifi-

---

[9] MCL 436.2k; MSA 18.972(11).
[10] MCL 436.1 *et seq.;* MSA 18.971 *et seq.*
[11] MCL 436.22; MSA 18.993.
[12] *Longstreth, supra,* pp 682-683.

cally hold that the plaintiff's claim of negligence based on a violation of MCL 436.33; MSA 18.1004 did not involve an attempt to impose liability on a licensee. Therefore, the Court held that the defendant's reliance on several cases, holding that MCL 436.22; MSA 18.993 was a plaintiff's exclusive remedy against licensees, was misplaced. The Court noted that:

"Unlike § 22, § 33 is not restricted to the regulation of licensees. To the contrary, § 33 indicates that any person who violates its terms is guilty of a misdemeanor."[13]

As in *Longstreth,* plaintiff herein is not attempting to impose liability on a licensee. Plaintiff's claim of negligence is based on a violation of MCL 436.26c(2); MSA 18.997(3)(2). Thus, defendant's argument that plaintiff's sole remedy is provided in MCL 436.22; MSA 18.993 is without merit. As is the case with MCL 436.33; MSA 18.1004, application of MCL 436.26c(2); MSA 18.997(3)(2) is not restricted to the regulation of licensees. To the contrary, the statute indicates that any person, who owns, operates, or leases a commercial establishment selling food can violate its terms and be guilty of a misdemeanor under MCL 436.50; MSA 18.1021.

Lastly, defendant asserts that its alleged violation of the statute does not provide a basis for a negligence action. We must determine whether the statute provides a basis for liability where the complaint alleges negligence in the operation of an unlicensed commercial establishment selling food, since the consumption of alcoholic liquor was allowed on the premises. In *Zeni v Anderson,*[14] the

[13] 423 Mich 685.

[14] 397 Mich 117, 128-129; 243 NW2d 270 (1976).

Supreme court held that the proven violation of a penal statute, in certain situations, is prima facie evidence of negligence.

First, we must determine whether the statute is a penal statute for purposes of the *Zeni* analysis. The mere fact that MCL 436.26c(2); MSA 18.993(3)(2) is not part of the Penal Code does not mean that it cannot be considered penal in nature.[15] MCL 436.50; MSA 18.1021 provides that any person other than a licensee who violates any provisions of the Liquor Control Act is guilty of a misdemeanor. Accordingly, we consider the statute to be a penal statute.

Second, we must determine if the statute and the plaintiff in the within case fit the situation where the violation of a penal statute provides prima facie evidence of negligence. As the *Longstreth* Court noted, 2 Restatement Torts, 2d, § 286, p 25 states:

"The court may adopt as the standard conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
"(a) to protect a class of persons which includes the one whose interest is invaded, and
"(b) to protect the particular interest which is invaded, and
"(c) to protect that interest against the kind of harm which has resulted, and
"(d) to protect that interest against the particular hazard from which the harm results." *Longstreth, supra,* p 693.

Applying this analysis, we find that the alleged violation of MCL 436.26c(2); MSA 18.997(3)(2) was sufficient to preclude summary judgment. The statute was meant to protect a class of persons. The class of persons protected by the statute extends beyond licensees whose economic interests may be

_____
[15] *Longstreth, supra,* p 692, fn 9.

harmed if unlicensed commercial establishments selling food are permitted to allow the consumption of alcohol on their premises. As noted above, the statute, as amended in 1980, regulates more than "bottle club" activity that could threaten the economic interests of licensees. The statute now, in part, protects all persons who come into contact with customers of unlicensed commercial establishments selling food. Plaintiff falls within this protected class.

The statute in part protects a particular interest, *i.e.,* freedom from injury caused by the consumption of alcohol on the premises of an unlicensed commercial establishment selling food. The statute was also intended to protect against the kind of harm which resulted, *i.e.,* injury and death. And lastly, the statute was meant to protect against a particular hazard, *i.e.,* the substantially expanded exposure to harm resulting from the dangerous effects of intoxication if unlicensed commercial establishments selling food were permitted to allow customers to consume alcohol on the premises.

Based on this analysis, we conclude that the trial judge properly determined that plaintiff can maintain a cause of action based on defendant's violation of MCL 436.26c(2); MSA 18.997(3)(2). The violation of the statute creates a prima facie rebuttable presumption of negligence. We note that plaintiff must still establish before a trier of fact that defendant's violation of the statute was a proximate cause of plaintiff's decedent's death.[16] However, we are unable to state that plaintiff's cause of action is precluded as a matter of law. Therefore, the trial judge properly denied defen-

---

[16] *Longstreth, supra,* p 695; *Zeni, supra,* p 143.

dant's motion for summary judgment based on plaintiff's failure to state a claim.

Affirmed.